| 83 | 677 |
| 128 | 384 |

JOSEPH MOLL, Appellant, v. M. McCAULEY, Appellee.

**Easements:** DEED: CONSTRUCTION. Where upon the same day with a conveyance of certain real estate the grantor granted to the grantee' "his heirs and assigns" and "tenants and occupiers" the right to pass over a certain strip of land adjoining the premises conveyed "from time to time, and at all times forever hereafter," *held*, that the right of way was appurtenant to the premises conveyed, and passed with a subsequent conveyance of said premises which described said property by metes and bounds, and contained no reference to said right of way.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

SATURDAY, OCTOBER 24, 1891.

ACTION to establish an easement as appurtenant to land owned by the plaintiff. Judgment dismissing the plaintiff's petition, and he appeals.—*Reversed.*

*A. R. West* and *Rickel & Crocker,* for appellant.

*W. G. Thomson* and *J. J. Powell,* for appellee.

GRANGER, J.—In November, 1861, Stephen L. Pollock conveyed to Thomas Young a part of lot 2, in block 2, in Cedar Rapids, Iowa. To afford access to the lot from the rear, another instrument was executed on the same day by Pollock and wife, with the following provisions:

"*Know all Men by These Presents:* That we, Stephen L. Pollock and Marilla Pollock, his wife, of the county of Linn, in the state of Iowa, for and in consideration of the sum of ten dollars in hand paid by Thomas Young, of the county of Benton, in the state of Iowa, do hereby covenant and grant to and

with the said Thomas Young, his heirs and assigns,
that it shall be lawful for the said Thomas Young,
his heirs and assigns, and their agents and servants,
and the tenants and occupiers for the time being
of that part of lot two (2), in block number two
(2), in the city of Cedar Rapids, agreeably to the
recorded plat of said city, this day sold by the said
Stephen L. Pollock to the said Thomas Young by deed
bearing even date herewith, from time to time and
at all times forever hereafter, and at his and their
respective will and pleasure, by night and by day, and
for all purposes to pass and repass in any manner
whatsoever through and over a certain alley lately
formed by the said Stephen L. Pollock, and described
as follows, to-wit:   Commencing at a point eighty-five
(85) feet from Commercial street, and then ten (10)
feet from the line of lot one (1) in block two (2), in
the said city of Cedar Rapids; thence running parallel
with said Commercial street eight (8) feet; thence
fifty-five (55) feet through the rear of said lot two (2)
to the alley; thence eight (8) feet on the line of said
alley and towards Linn street; and thence fifty-five (55)
feet parallel with the line of said lot one (1) to the
place of beginning.   And it shall be lawful for the
said Thomas Young to repair and amend the same as
there shall be occasion.''

By two mesne conveyances the plaintiff became the
owner of the part of lot 2 conveyed to Young by
Pollock, but none of such conveyances contain any
reference to the easement conveyed by Pollock to
Young, and the part of lot 2 is in each case described
by metes and bounds.   The easement afforded access
to the plaintiff's lot from the alley in the rear; and,
prior to an interruption by the defendant, some two
years since, the alley had been open and used since
the conveyance to Young; and most of the time there
had also been an alley at right angles with this ease-

ment to a street known as "A avenue." The following diagram will indicate the situation clearly:

S. W.
FIRST (LATE COMMERCIAL) STREET.

Lot 2.

Joseph Moll.

18x85 feet.

Block 2, Lot 1.

A AVENUE (LATE LINN STREET.)

10x78 feet alley.

Stone barn.

8x55 feet alley.

ALLEY.
N. E.

Lots 1 and 2 extend from First street to the alley. The round corner at the stone barn was for convenience in turning, and made so by Pollock, who, before conveying the same, owned lots 1 and 2. In January, 1864, Pollock conveyed the part of lots 1 and 2 on which is situated the stone barn and the alley-way "ten by seventy-eight feet," leading to A avenue (formerly Linn street) to William Stewart, and Stewart conveyed the same to the defendant October 6, 1886. On the same day Stewart and wife executed to the defendant a quitclaim deed of the right of way or

easement in question, and in November, 1887, Thomas Young and wife made to the defendant a quitclaim deed of the easement or right of way. These conveyances constitute the basis of the defendant's right to what was the easement in question.

The plaintiff urges the maintenance of the alley-way upon several grounds: *First.* That it is by the conveyance to Young appurtenant to the lot owned by him; *second,* that it has been dedicated to the public; and, *third,* that the public has obtained a right thereto by prescription. We think the claim of the plaintiff that it is appurtenant to the lot owned by him must be sustained. It is difficult to imagine a conveyance more conclusively indicating such a purpose than the one in question when considered in connection with the conveyance of the lot on the same day.

It is said that the easement created thereby was a mere "personal right" to Young, and, hence, was not appurtenant to the premises. The conveyance in terms shows that Pollock had in some way before formed that strip of land into an alley, and that his intention by the conveyance was that it should be for use, not of Young and his family, independent of his ownership of lot 2, but as the purchaser and owner thereof, and to his heirs and assigns, and to the tenants and occupiers thereof, "at all times forever" thereafter. The language is not in harmony with a mere personal right, but, on the other hand, it has direct reference to a use of the alley by whomsoever should occupy the lot. At the time of granting this easement the lot to which we regard it as appurtenant was not improved, and was not thereafter by Young, but was by him granted, and the alley was enjoyed as appurtenant to the lot for twenty-five years or more until the quitclaim deeds by Stewart and Young to the defendant. Nothing in the record indicates to us that the alley right was designed to be personal only.

It is urged because of the fact that the conveyance from Young to the plaintiff described the premises by metes and bounds, without including the right of way or easement, that it does not pass as appurtenant under a rule that a right of way does not so pass unless the grantor in the conveyance uses language sufficient to create an easement anew, or because it is absolutely necessary to the enjoyment of the premises, and authorities are cited to support the rule. We are not disposed to disturb the general rule that in grants by metes and bounds easements do so pass, but the rule is to be applied within its spirit, and not upon such a technical construction or application as to defeat the real intent of the parties, and do injustice. We attach great importance to the fact that the conveyance of the lot and the easement were transactions between the same parties on the same day, and in a way to justify a conclusion that the easement was intended as an appurtenance to the lot. To our minds the record of the conveyances warranted a purchaser of the lot in the belief that to purchase the lot would give the right of access to and from the same by the alley-way in question, and a mere description of the lot by metes and bounds would not operate to divest the property of the appurtenance. We think it belonged to the estate, and passed by implication. It comes within the rule stated in *Philbrick v. Ewing*, 97 Mass. 134. "It actually belonged to the estate conveyed;" and in such a case it passes without being "expressly described in the conveyance." The case of *Decorah Woolen Mill Co. v. Greer*, 58 Iowa, 86, is not opposed to this holding, for in this case the easement or right of way has for many years been used,— "exercised." We find no authority with a like state of facts to justify the judgment of the district court.

The plaintiff should have a decree with nominal damages. REVERSED.