THE HYDE PARK THOMSON-HOUSTON LIGHT COMPANY

*v.*

ESTHER L. BROWN *et al.*

*Opinion filed April 21, 1898.*

1. EASEMENTS—*when an easement does not pass by implication.*   An easement which is not apparent, of which the grantor has not made use and of which he has no information, does not pass in his deed by implication.

2. SAME—*release by mortgagee does not release easements created by mortgagor.*   A release by a mortgagee of part of the mortgaged premises, "with all the appurtenances and privileges thereunto belonging," does not release an easement of right of way over the remaining portion of the mortgaged tract, which the mortgagor had created against himself, without the knowledge or consent of the mortgagee, on conveying the portion so released.

*Hyde Park T.-H. Light Co.* v. *Brown,* 69 Ill. App. 582, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

W. S. JOHNSON, (J. S. CUMMINS, of counsel,) for appellant.

WILSON, MOORE & McILVAINE, for appellees.

Per CURIAM:  The statement of facts and the opinion of the Appellate Court for the First District, by WATERMAN, J., are as follows:

"On June 24, 1890, for the consideration of $20,000, Esther L. Brown sold and transferred to James W. Johnson lots 12 and 13, in block 17, in Hyde Park, in the county of Cook and State of Illinois, the area covered by said two lots having a south frontage on Fifty-third street, next east of and adjoining the right of way of the Illinois Central railroad.  At the time of the conveyance Johnson paid on account of the purchase price the sum of $7333.34 and gave to Mrs. Brown his two notes for the balance thereof, and to secure the payment of the said notes said Johnson delivered to said Richard S. Thompson, trustee, a deed of trust dated June 24, 1890, conveying the said lots 12 and 13, which deed of trust is now being foreclosed.  On June 25, 1890, James W. Johnson and wife sold and conveyed to the Thomson-Houston Electric Company the north seventy feet of said lots 12 and 13, and a right of way ten feet wide over and along the east side of lot 13 not conveyed.  *  *  *

"On March 30, 1891, the Thomson-Houston Electric Company sold and conveyed to the Hyde Park Thomson-Houston Light Company the north seventy feet of lots 12 and 13; also the said right of way ten feet wide over and along the east side of said portion of lot 13, which is still owned by James W. Johnson.  The deed contained the further provision that the part of the lots not conveyed

should be resorted to primarily for the satisfaction of Mrs. Brown's trust deed. The right of way seems not to have been used at any time. On January 3, 1891, $3666.66 was paid by Mr. Johnson to Mrs. Brown, and Richard S. Thompson, trustee, executed and delivered to said James W. Johnson a release deed, releasing the said north seventy feet of lots 12 and 13, together with all the appurtenances and privileges thereunto belonging or appertaining. All of the deeds and release deeds are duly acknowledged and recorded.

"Immediately after the purchase of the north seventy feet of said lots by the Thomson-Houston Electric Company it commenced the erection of a large electric light plant, and completed the same about the month of December, 1890, and furnished lights to the public generally. Mrs. Brown continued to live in her old homestead, located upon a portion of one of the lots not conveyed by Johnson, until at some time in November, 1890. The north seventy feet of the said lots is bounded on the west by the Illinois Central railroad, on the north and east by improved lands of Mr. Porter and Mr. Gray, and on the south by the south eighty feet of said lots 12 and 13, which is still owned by said James W. Johnson. The appellant, the Hyde Park Thomson-Houston Light Company, and its predecessors in title, do not, and so far as appears never have, owned any lands adjoining the said lots 12 and 13.

"The prayer of the complainant's bill in this cause is that the mortgage given by Johnson to secure Mrs. Brown be foreclosed, and that the south eighty feet of said lots 12 and 13 shall be sold at foreclosure sale. Complainant claims that if appellant, Hyde Park Thomson-Houston Light Company, has any right of way over said portion of the south eighty feet of said lots, such right is subordinate to the lien of the said trust deed and should be divested by a sale under said trust deed, and that the property now covered by said trust deed should be sold as is provided in the decree.

"The contention of appellant is: First, that Mrs. Brown agreed to release not only the north seventy feet of said lots 12 and 13, but to release the east ten feet of lot 13 conveyed by James W. Johnson to the Thomson-Houston Electric Company for a right of way; second, that by the terms of said release it does release the east ten feet of lot 13; third, that when the north seventy feet was released Mrs. Brown impliedly released the east ten feet of lot 13, as opened by Johnson as a street or right of way, that right of ingress and egress might be secured; fourth, that as the north seventy feet is so situated that there is no access except over the remaining portion of lots 12 and 13 or land of a stranger, a right of way passes as a way of necessity, and such right is not subordinate to the lien of the mortgage, and that said right shall continue so long as the necessity exists, because Mrs. Brown has conveyed all her rights in the north seventy feet, and cannot compel the owner to trespass upon, or take by statute, or purchase lands of a stranger, for the purposes of a way; fifth, as James W. Johnson conveyed an interest in the east ten feet of lot 13, which interest is now owned by the appellant, the property should be sold in inverse order of alienation,—that is, the said east ten feet should be sold last and the remainder of the property sold first, because if it is sold as a whole, then the appellant would be deprived of his right of redemption.

"The controversy in this case turns upon the effect, considering the circumstances under which it was made, of the release deed executed by Richard S. Thompson of the north seventy feet of lots 12 and 13, together with all the appurtenances and privileges thereunto belonging or appertaining. At this time Mrs. Brown was under no obligation to do anything to aid appellant in obtaining or perfecting a claim to a right of way over lots 12 or 13 to Fifty-third street. Her conveyance to Johnson, through which appellant derived title to the north seventy feet of these lots, was of the entire lots. Her purchase money

mortgage from Johnson covered the property she conveyed. She was in nowise responsible for his conveyance of the north seventy feet of this property or of a right of way along the east side of lot 13, and her rights as a mortgagee were not diminished thereby. Under these circumstances she consented to the execution by the trustee of the release deed, stating that thereby was released 'the north seventy feet of lots 12 and 13, (this release in no manner to affect the lien of said trust deed upon the remainder of the premises therein described,) * * * together with all the appurtenances and privileges thereunto belonging or appertaining.' If her intention and the understanding of Mr. Johnson was that the release should be not only of the north seventy feet of these lots but of a right of way over the south eighty feet of lot 13, it is difficult to see why such intention was not plainly and unequivocally expressed in the release.

"The master and the court below found that Mrs. Brown had, when she authorized the execution of the release deed, neither knowledge nor information that any right of way was claimed across the south eighty feet of lots 12 and 13. No such right of way, appurtenance or privilege, was apparent. It would therefore, as the master found, be a fraud upon Mrs. Brown to construe the release to be what is not expressed therein, and was never intended by her or the trustee. The use of the words 'with all appurtenances,' is not necessary in order that easements pass with a grant of the estate to which they are attached. (*Ingals* v. *Plamondon*, 75 Ill. 118; *Morrison* v. *King*, 62 id. 30.) An easement which is not apparent, of which the grantor has not made use and of which he has no information, does not pass by an implication. (*Ingals* v. *Plamondon*, 75 Ill. 118.) The release by a mortgagee of certain described premises will not be construed as a release of the mortgage upon other portions of the estate in which the mortgagor has, without the consent of the mortgagee, seen fit to create, as against himself,

an easement as an appurtenance to the lands described in the release.   *Harlow* v. *Whitcher*, 136 Mass. 553-554.

"The case at bar is essentially variant from *Smith* v. *Heath*, 102 Ill. 130, in which the mortgagee is found to have co-operated with the mortgagor in inducing the purchase of lots under an implied understanding that a park should forever remain appurtenant thereto.   Mrs. Brown had no part in and derived no profit from the creation of the alleged necessity for appellant to have a right of access to Fifty-third street.

"The decree properly directs a sale, first, of the premises retained by the mortgagor, and then of the remaining premises in the inverse order of alienation, with the following provisions:   'If the aggregate amount bid for the said lands so offered in severalty shall be insufficient to satisfy this decree, then the said master shall offer for sale said lots twelve (12) and thirteen (13) (except the north seventy (70) feet thereof) together as one parcel, with all easements and all rights and all claims therein of said defendants, and of all persons claiming under them, save only the right of redemption provided by law; and if the amount bid for the said lands so offered together shall exceed the aggregate of the amounts bid for said lands when offered in severalty, as above provided, then said master shall sell said lands together.'   In this there was no error.   *Iglehart* v. *Crane*, 42 Ill. 261.

"The decree of the circuit court is affirmed."

A careful consideration of the facts in this case induces us to concur with the Appellate Court, and its opinion is adopted as the opinion of this court, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*