SWEDISH–AMERICAN NATIONAL BANK OF MINNEAPOLIS v.
CONNECTICUT MUTUAL LIFE INSURANCE
COMPANY and Another.[1]

June 7, 1901.

Nos. 12,510—(98).

## Mortgage—Subsequent Purchase of Adjoining Strip—Equity.

Hoit owned a tract of land, described by metes and bounds, which he mortgaged to defendant to secure the payment of a loan. Prior thereto a building had been erected thereon by him, which extended over onto an adjoining tract of land a distance of six inches. Subsequent to the execution of the mortgage, Hoit contracted with the owner of the adjoining land for the purchase thereof, and paid to him part of the purchase price. The adjoining land, on which the building on the mortgaged property so rested, was necessary and essential to the support of the building, and to the full enjoyment of the property mortgaged. *Held*, that by the contract for the purchase of the adjoining land Hoit acquired an equitable title thereto, which inured to the benefit of the title conveyed by the mortgage.

## What Passes by Mortgage.

Every right and interest held by a mortgagor in and to the mortgaged property, together with all subsequently acquired rights, easements, and privileges which are necessary and essential to the full enjoyment thereof, pass with the mortgage, though not specially mentioned in the description of the property as contained therein.

## Foreclosure by Advertisement—What Passes to Purchaser.

A foreclosure by advertisement of a real estate mortgage conveys and transfers to the purchaser at the sale, after the time of redemption expires, all such rights, privileges, and easements as are appurtenant and necessary to the enjoyment of the mortgaged property. Under this rule, it is held in this case that the foreclosure of defendant's mortgage passed to the purchaser at the sale an easement in the adjoining land on which the building extended and rested, to the extent necessary to support the same.

## Notice to Plaintiff.

Plaintiff in this action having acquired the adjoining land above referred to from the owner, and under and pursuant to the contract made by

[1] Reported in 86 N. W. 420.

Hoit with him for its purchase, and with full notice of all the rights of defendant, it is *held* that it is not entitled to reimbursement from defendant for the balance of the purchase price paid therefor.

Action in the district court for Hennepin county to recover possession of real estate. The case was tried before Harrison, J., who directed a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendants appealed. Reversed.

*Charles J. Tryon,* for appellants.

A man cannot derogate from his own grant; he cannot grant a thing and then proceed to withdraw that which is necessary to the enjoyment of the thing granted. And this has been applied directly to questions of party walls and lateral support. A mutual easement is implied both as a grant and a reservation. Richards v. Rose, 9 Exch. 218; Ingals v. Plamondon, 75 Ill. 118; Henry v. Koch, 80 Ky. 391; Carlton v. Blake, 152 Mass. 176; Everett v. Edwards, 149 Mass. 588; Partridge v. Gilbert, 15 N. Y. 601; Doyle v. Ritter, 6 Phila. 577; Beaver v. Nutter, 10 Phila. 345; Morrison v. King, 62 Ill. 30; Lampman v. Milks, 21 N. Y. 505, 514; U. S. v. Appleton, 1 Sumner, 492; Dalton v. Angus, L. R. 6 App. Cas. 740, 791; Pierce v. Dyer, 109 Mass. 374; Stevenson v. Wallace, 27 Grat. 77. Such an implied grant arises even on a judicial decree. Morrison v. King, supra. Or, when the buildings are contemplated but do not then exist. Northeastern v. Elliot, 1 J. & H. 145, 153. Or, upon an execution sale. McCormick v. Bishop, 28 Iowa, 233. And this doctrine of implied grant is applied to raise a mutual easement in a case where the original construction was a trespass. Robbins v. Barnes, Hob. 131; Eno v. Del Vecchio, 4 Duer, 53.

And this implied grant of easement will pass by estoppel, where grantor has not title at time of grant but thereafter acquires it. The only requisite to such operation of the estoppel is that the easement be necessary and apparent. Jarnigan v. Mairs, 20 Tenn. 473; Coe v. Talcott, 5 Day, 88; Smith v. Moodus, 35 Conn. 392; Prouty v. Mather, 49 Vt. 415; Ewing v. Desilver, 8 S. & R. 92; Reynolds v. Cook, 83 Va. 817; Rowbotham v. Wilson, 8 Ellis & B., 123.

Where the right is necessary to the thing granted and the

grantor proceeds to acquire that right, every reason points to the conclusion that he must be held estopped to deny to his grantee the enjoyment of that right. Caledonian v. Sprot, 2 Macqueen, 449; Humphries v. Brogden, 12 Q. B. 739, 756; Harris v. Ryding, 5 M. & W. 59, 70.

There is more than one basis of estoppel here: (1) In the usual covenants of title; (2) In covenant to maintain the mortgage as a first lien on the existing improvements; (3) In the relation of mortgagor and mortgagee, which by estoppel and without express covenant passes the mortgagor's after-acquired title. Stewart v. Anderson, 10 Ala. 504; Concord v. Woodbury, 45 Me. 447; Strong v. Waddell, 56 Ala. 471; Greeno v. Munson, 9 Vt. 37. The after-acquired title of the mortgagor passes and his privies are bound by the same estoppel. Wark v. Willard, 13 N. H. 389; Fairbanks v. Williamson, 7 Green. (Me.) 96; White v. Patten, 24 Pick. 324; Trevivian v. Lawrence, 1 Salk. 276; Somes v. Skinner, 3 Pick. 52; Bank v. Mersereau, 3 Barb. Ch. 528, 569; Douglass v. Scott, 5 Ohio, 195; Philly v. Sanders, 11 Oh. St. 490; Carson v. Cochran, 52 Minn. 67; Hurlbert v. Weaver, 24 Minn. 30; Gilliam v. Bird, 8 Ired. L. 280; Cross v. Robinson, 21 Conn. 379; Boone v. Armstrong, 87 Ind. 168; Dudley v. Cadwell, 19 Conn. 218. The house with the easement was the fund for payment of the mortgage. Atkins v. Little, 17 Minn. 320 (342); Baker v. N. W. Guaranty L. Co., 36 Minn. 185; Conner v. Howe, 35 Minn. 518; Travers v. Dorr, 60 Minn. 173; MacEwen v. Beard, 58 Minn. 176; Washington L. & T. Co. v. McKenzie, 64 Minn. 273, 275; Farmers v. Bronson, 14 Mich. 360; Wanzer v. Blanchard, 3 Mich. 11. There should be no question of notice; the open visible possession by the house must be notice to all, of the rights of those who have an interest in the house and its walls. Ingals v. Plamondon, supra; Butterworth v. Crawford, 46 N. Y. 349; Henry v. Koch, supra.

*John Lind* and *A. Ueland*, for respondent.

BROWN, J.

This is an action in ejectment for a strip of land two feet wide by one hundred and thirty feet deep, more fully described in the

complaint.   Plaintiff recovered in the court below, and defendants appealed.

⁃ The respective parties acquired whatever rights they possess in the land through one Hoit.   It appears from the record that Hoit owned a tract of land adjoining the strip in controversy, upon which he erected a building some time prior to June, 1891.   In some way not disclosed, the wall of the building extended about six inches over onto the adjoining land, which was then owned by one Smith.   Subsequent to the erection of the building, and on June 1, 1891, Hoit mortgaged the lot so owned by him, upon which the building was erected, to defendant insurance company, to secure the payment of an indebtedness due for money loaned.   The mortgage contains the usual covenants of quiet enjoyment, the lot or tract of land is described therein by metes and bounds, and no reference is made to the fact that the building thereon extends over upon the land in controversy.   The indebtedness secured by the mortgage was never paid, and the mortgage was duly foreclosed by advertisement, from which no redemption was ever made.   Under this mortgage, and the foreclosure thereof, defendants claim title to the tract of land particularly described therein, together with an easement in the six-inch strip on which the foundation of the building rests.   The basis of their claim to the six-inch strip is as follows:   In November, subsequent to the execution and delivery of defendant's mortgage, Hoit, the mortgagor, entered into a contract with Smith, the owner thereof, for the purchase of the two-foot strip.   He paid a part of the purchase price ($200), the entire price being $500.   It is claimed on the part of appellants that because of the fact, which is clearly shown by the evidence, that the six-inch strip on which the building stands is necessary to its support, and cannot be removed without causing the building to fall, the contract and the equitable title acquired to the land by Hoit at once inured to the benefit of the defendants' title under the mortgage, and that defendants thereby acquired an easement in such necessary support; in other words, that the rights of defendants to an easement in the strip supporting the building, though the fact that the building rests thereon is not mentioned in the mortgage, are precisely the same

as they would have been had Hoit owned the adjoining strip when he gave the mortgage, or had he completed the purchase under the Smith contract; that had he been the owner, or had he completed the purchase, the law would have implied an easement therein to an extent necessary to the full and complete enjoyment by the mortgagee of the property mortgaged. It is further claimed that as plaintiff acquired its title through the Smith contract, and with notice of defendant's mortgage and rights, it stands in no better position than Hoit would have occupied had he perfected title under the contract.

The facts constituting plaintiff's title are as follows: In December, subsequent to the execution of defendant's mortgage, Hoit mortgaged the tract of land covered thereby to plaintiff's cashier to secure an indebtedness due plaintiff. This mortgage was made subject to defendant's mortgage, and was executed subsequently to the making of the contract with Smith for the purchase of the two-foot strip. The description of the property in this mortgage is by metes and bounds, the same as in defendant's mortgage. In December, 1894, Hoit conveyed the land to Hulbert, an officer of plaintiff, subject to both mortgages. This deed contains no reference to the two-foot strip of land, nor to the fact that the house projected over upon it. In May, 1895, Smith, the owner of the two-foot strip, in performance of the contract with Hoit for its purchase, conveyed the same to Hulbert, who paid the balance of the purchase price, and Hulbert, in turn, conveyed it to plaintiff. The record does not disclose whether Hoit assigned the Smith contract to Hulbert, but the deed of conveyance from Smith to him expressly stated that it was made in performance thereof. It is upon this title from Smith, through Hoit and Hulbert, that the plaintiff relies for a recovery.

As between the immediate parties, namely, Hoit, and his mortgagee, defendant insurance company, there can be no question as to the soundness of defendants' position. The building was included in the mortgage as an appurtenance and a part of the realty, the parties contracted with reference to it, and the record shows that the six-inch strip is necessary to sustain and support it. Beyond any doubt the contract for the purchase of this strip

of land was made for the very purpose of acquiring title, and the right to maintain the building as erected thereon. Undoubtedly this purchase inured to the benefit of defendants' title as between these parties, and had Hoit completed the purchase, it being his duty under the covenants of the mortgage to protect the title and the mortgagee's enjoyment of the property, equity would estop him from asserting any title superior to the mortgage. Jarnigan v. Mairs, 20 Tenn. 473; Carson v. Cochran, 52 Minn. 67, 53 N. W. 1130. There can be no difference between the rights acquired under a deed and those granted and secured under a mortgage. While the mortgage is but a conditional sale and transfer of the incumbered estate, the sale becomes absolute, and all rights of the mortgagor pass to the mortgagee on foreclosure. Hoit, by the Smith contract, acquired an equitable title to the two-foot strip, and an easement in and to that portion on which the house rests inured to the benefit of the defendant's mortgage, and passed with foreclosure.

Every right or interest held by a mortgagor in and to the mortgaged property, together with all subsequently acquired rights, easements, and privileges, which are necessary and essential to the full enjoyment of the property, pass with the mortgage, and that, too, though reference is not specially made in the mortgage to anything further than the particular property conveyed. Under this rule it is held that an easement passes with the land to which it is appurtenant without express reference to it in the deed of conveyance. Hyde Park v. Brown, 172 Ill. 329, 50 N. E. 127; Moll v. McCauley, 83 Iowa, 677, 50 N. W. 216; Baker v. Rice, 56 Oh. St. 463, 47 N. E. 653; Rogers v. Sinsheimer, 50 N. Y. 646. This is in line with the general rule that where one conveys property he impliedly grants all those apparent or visible easements which are appurtenant, essential, and necessary to the use and enjoyment of the property conveyed. Jones, Easem. § 129, et seq.; 10 Am. & Eng. Enc. 418. In contemplation of law, the description of a specified tract of land necessarily includes all such rights and appurtenances as pass with the property, and rights or easements not owned by the grantor at the time of the conveyance pass by estoppel as soon as thereafter acquired, precisely the same as after-ac-

quired property passes in such cases. It is clear, therefore, that, as between Hoit and defendant insurance company, such defendant is the owner of the tract of land particularly described in the mortgage, with an easement in the two-foot strip sufficient to sustain and support the building so long as the same remains thereon.

Such being the case, we have only to inquire what rights plaintiff acquired by its purchase. We cannot conceive that its rights are any greater or in any degree superior to the rights Hoit would have possessed did he occupy its present position. Plaintiff purchased with notice of defendants' rights, and is in no sense an innocent or bona fide holder of an adverse claim. It not only had notice that the building in fact rested upon this strip of land, but acquired title thereto through a contract made manifestly for the benefit, or which, at least, as between the parties thereto, inured to the benefit, of defendants' title, and we are aware of no rule or principle of law or equity that would confer upon plaintiff a right superior to what would have been possessed by Hoit had he completed the purchase under the same contract. Plaintiff stands in no better position than Hoit would occupy. Gresham v. Ware, 79 Ala. 192. If plaintiff had made an independent purchase from Smith, and without notice of defendants' rights, a very different question would be presented.

Respondent also contends that, even if it be conceded that the purchase of the two-foot strip inured to the benefit of defendants' title, the easement acquired thereby did not pass by the statutory foreclosure of its mortgage. At first impression there would seem to be some force in this contention, especially when we have in mind that a statutory foreclosure ordinarily passes the legal title of mortgaged property only. Perhaps as to third persons, where the description of the property mortgaged does not purport to include easements or rights appurtenant thereto, as in this case, such easements or rights would not pass by such foreclosure. But as to what might be the rights of strangers with respect to such a foreclosure we need not inquire; for, as between the parties in the case at bar, it is clear that the foreclosure of the mortgage by advertisement covered and carried with it all rights of the mortgagor, whether owned at the time of the execution of the mortgage

or acquired subsequently. Barnard v. Wilson, 74 Cal. 512, 16 Pac. 307; Orr v. Stewart, 67 Cal. 275, 7 Pac. 693; In re Bull, 15 R. I. 534, 10 Atl. 484. It is possible that had the rights of some third person, a stranger to the transaction, intervened, a foreclosure would, as to him, pass only the property particularly described in the mortgage. But it is clear that the mortgagor's rights, of every nature and description, as to plaintiff, who took its title with notice of defendants' rights, passed to, and conferred upon, defendants an easement in the six-inch strip on which the house stands superior to plaintiff's title.

It is also claimed by respondent that, as Hulbert was under no duty or obligation to defendants to preserve or protect Hoit's title to the mortgaged property, before defendants can claim title to the strip in question, or to an easement therein, they must reimburse him, or plaintiff, who has succeeded to his rights, for the purchase price paid by him to Smith. We cannot concur in this contention. Hulbert acted for the plaintiff with knowledge and notice of the rights of defendants, and is in no better position to claim reimbursement than Hoit would have been had he perfected the title and paid the full purchase price. The rule of law governing cases of permanent improvements placed upon mortgaged property by the mortgagor, or some one holding under him, is applicable to this branch of the case. The act of acquiring the title to the two-foot strip, which, as we have seen, inured to the benefit of defendants' mortgage, is in the nature of an improvement to the mortgaged property, and whether Hulbert was under any duty or obligation to make it or not is wholly immaterial. He took his title, and acted with notice of all the facts, and as a volunteer, and is in no position to claim reimbursement at the hands of defendants. Gresham v. Ware, supra; Madaris v. Edwards, 32 Kan. 284, 4 Pac. 313.

Defendants do not claim an easement in the entire two-foot strip, but only in that portion of such strip upon which the house was erected and now stands, and the plaintiff is entitled to recover all that portion not so covered by the house. Undoubtedly the plaintiff is the owner of the entire strip, but, for the reasons stated, is not entitled to the possession of the six-inch strip, and de-

fendants are entitled to judgment accordingly. The case of Green v. Collins, 86 N. Y. 246, is not in point. In that case defendant had conveyed a house and lot with the usual covenants. A sewer or drain in connection with the house, extending over the entire lot, had been constructed by him prior to the conveyance, but the adjoining lot was owned by another person, who refused to permit the grantee the use of the drain. An action was brought upon the covenants of the deed, and the question there presented was whether the deed included an easement in the adjoining property. The court held that it did not. But there was in that case no purchase of the property on which the easement existed subsequent to the execution of the conveyance. There was such purchase in this case. Hoit contracted to purchase the strip of land on which the asserted easement exists, and, as we have observed, this purchase inured to the benefit of defendants' title on the same principle as after-acquired property. For this reason, the New York case is not in point.

Order reversed.