HARRIET P. N. SMITH v. GEORGE R. LOCKWOOD.[1]

March 1, 1907.

Nos. 14,954—(152).

**Constructive Notice to Vendee.**

A purchaser of a tract of land has constructive knowledge of all facts affecting the title to it of which he would have learned by an inspection of the premises and by an examination of the public records concerning it.

**Easement for Support.**

Where the owner of premises, who has constructed a permanent building so that most of it was on one tract of land and a part on a second tract of land, sells the first tract, his vendee has an implied easement in the second tract to the extent necessary to support the building.

**Bona Fide Purchaser.**

When, however, he thereafter, and while he is in possession of both tracts, sells the second to a bona fide purchaser without actual knowledge,

[1]Reported in 110 N. W. 980.

the purchaser takes the premises free from the implied easement, and' is not bound to examine the title to the other tract to ascertain whether the owner has mortgaged it.

Action in the district court for Hennepin county to recover posses- sion of a strip of land and $500 for detention thereof. The case was, tried before Holt, J., who found that plaintiff was entitled to posses- sion and $5, the value of the rents and profits. From an order denying a motion to modify the conclusions of law and for a new trial, defend- ant, George R. Lockwood, appealed. Affirmed.

The owner of land built a dwelling house, which remained thereon for many years, and which was on the ground in the same condition in which it was built at the time when such owner platted the tract into lots 1 and 2 in block 1 of an addition to Minneapolis. Most of the building was situated on lot 1, but encroached upon lot 2 "some- thing like five feet in front and twelve feet in the rear." In January, 1891, the owner, then in possession of both lots, mortgaged the prop- erty to one Harral. That mortgage was properly recorded. Through assignment and foreclosure, title to lot 1 finally matured in the defend- ant and appellant. In 1894 the owner of the dwelling duly conveyed lot 2 for a valuable consideration to a. daughter, Ella B. Huhn, who with her husband in 1900 conveyed lot 2 to the plaintiff and respondent. Huhn and the plaintiff had no notice of the mortgage to Harral on lot 1, or of any facts in connection therewith or leading up to the giving of the same, or that any one else claimed any inter- est in or lien upon said lot 2, except such notice or knowledge as the location of the building and improvements upon the two lots. charged them with. Plaintiff brought ejectment.

The court found these facts as stipulated by the parties, and as con- clusions of law that the defendant's occupation and possession of that part of lot 2 upon which part of the building rested was wrongful and unlawful; that Huhn was an innocent purchaser of lot 2 without notice or knowledge of the Harral mortgage, through which the de- fendant claims; and that the plaintiff, having succeeded to the right of Huhn, is entitled to judgment for the recovery of possession of that portion of lot 2 upon which the house rests and the value of the rents and profits of the premises from July 13, 1900, the date of the plaintiff's

quitclaim deed from Huhn, together with costs. The appeal was taken from the order of the court denying defendant's motion for a new trial and for a modification of conclusions of law.

*Welch, Hayne & Hubachek* and *Wm. Peet,* for appellant.

*S. R. Child,* for respondent.

JAGGARD, J. (after stating the facts as above).

When the owner of premises has constructed a permanent building, so that most of it is on one tract of land and a part on the second tract, sells the first tract, his vendee has an implied easement on the second tract to the extent necessary to support the building. Swedish-American Nat. Bank of Minneapolis v. Connecticut Mut. Life Ins. Co., 83 Minn. 377, 86 N. W. 420. See, also, John Hancock Mut. Life Ins. Co. v. Patterson, 103 Ind. 582, 2 N. E. 188, 53 Am. 550; 5 Current Law, 1050, 1051.

The question on this appeal is whether, when the original owner, who is in possession of the whole, thereafter sells the second tract to a bona fide purchaser admittedly without actual knowledge, such purchaser takes the premises free from the implied easement. The trial court properly held that the implied easement did not survive. When such purchaser—here the plaintiff—bought such second tract, she had constructive knowledge of all facts of which she would have learned by examination of public records pertaining to it and by an inspection of the premises. The records showed a valid title to the tract she bought. By an inspection of the premises she would have learned only that part of the building was on the land she was about to buy to which the owner had good title, and that such owner was in possession of the building and of both lots. There was, therefore, nothing of record nor on the premises to advise her or put her on inquiry concerning the pre-existing mortgage on the other lot.

The situation would have been materially different if, when the sale of the second lot was made, a vendee of the original owner had been in possession. The purchaser of the second lot would then have had notice of the fact that the house was partially on the premises she was about to buy, and that it was in the possession of a stranger. She might well be held, as the purchaser has been in many of the cases to which we were cited, to have been thus put upon inquiry into the in-

terest of that stranger under which he was in possession of the premises, and to be chargeable with notice of that stranger's right to an implied easement.

Here the question is whether, where there was nothing in the records of his title or upon the premises to give the purchaser notice, she was bound to examine the record title of the other lot for the purpose of ascertaining whether anything in that title affected her land. It is clear on principle that no such duty was imposed upon her. When the mortgagee loaned money on the first tract, he had corresponding notice of what appeared upon the records and of the facts he would have learned upon inspection of the premises. If he had made such inspection, he would have ascertained that part of the building was on the second tract. He could have had full protection against the rights of an innocent third person subsequently buying the property from his mortgagor, as by procuring from the mortgagor an express agreement for an easement as a condition of making the loan and by recording it. Implied easements of this character are not to be made the basis of damage to innocent third persons. See Swedish-American Nat. Bank of Minneapolis v. Connecticut Mut. Life Ins. Co., 83 Minn. 377, 383, 86 N. W. 420. There is no reason for the especial protection of such an implied easement, or for extension of the ordinary rules of constructive notice to enable persons claiming them to be protected from the harm which they had the first opportunity to avoid. See Miller v. Hoeschler, 126 Wis. 263, 105 N. W. 790; Griffiths v. Morrison, 106 N. Y. 165, 12 N. E. 580. The purchaser was not bound to examine the title to the lot she did not buy.

Order affirmed.