(No. 29323.—

E. F. HORNER, Appellant, *vs.* EVA OLIVE JAMIESON *et al.,*
Appellees.

*Opinion filed May 21, 1946—Rehearing denied September 12, 1946.*

JOHN· R. SNIVELY, of Rockford, for appellant.

·MORRIS J. HINCHCLIFF, and HALL & HALL, both of Rockford, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is a direct appeal from a decree entered in the circuit court of Winnebago county. A freehold interest is involved. The complaint contained two counts in ejectment. Defendants filed an answer of general denial and a counterclaim interposing an equitable defense to the ejectment action. Issues were joined on the counterclaim and a hearing had, after which the decree appealed from was entered. The controversy involved a small triangular piece of ground, the description and location of which is left in doubt by the record. The chancellor found that if plaintiff had legal title to the triangular tract claimed, he was, by reason of the proof introduced under the counterclaim, estopped from asserting title against defendants. It was ordered that plaintiff be perpetually enjoined from claiming possession of the disputed tract, and that defendants be declared to have a perpetual right of ingress and egress over it.

Plaintiff has assigned many errors relied upon for reversal but only some have been argued. It will be considered that those not argued have been waived.

Plaintiff contends that there is no provision in law for the filing of an equitable counterclaim in an action of ejectment. Prior to 1935, section 19 of the Ejectment Act (Cahill's Stat. 1933, chap. 45, par. 19,) provided that the defendant to an ejectment action could demur to the declaration as in personal actions or plead the general issue, under which defendant might introduce in evidence any matter that would tend to defeat the plaintiff's action except as otherwise provided by the Ejectment Act. Under this provision it was held that estoppel *in pais* was not available as a defense to an action of ejectment. (*Metzger*

v. *Horn*, 312 Ill. 173; *Wakefield* v. *VanTassell*, 202 Ill. 41; *Wright* v. *Stice*, 173 Ill. 571; *Winslow* v. *Cooper*, 104 Ill. 235.) Section 10 of the Ejectment Act as amended in 1935 (Ill. Rev. Stat. 1945, chap. 45, sec. 10,) provides that rules of pleading and practice in other civil cases shall apply to actions of ejectment so far as they are applicable and except as is otherwise provided by this act. Section 19 of the act was amended permitting a defendant to file a motion as in ordinary civil cases and to answer by way of general or specific denial or by affirmative defense. These provisions permit a defendant to plead equitable defenses to an ejectment action to the same extent that he might plead such defenses to other civil actions under the Civil Practice Act. *Firke* v. *McClure*, 389 Ill. 543.

It is further contended that the defense interposed by the counterclaim was not germane to the action of ejectment. It will be observed that section 14 of the Ejectment Act provides that nothing shall be introduced by joinder, counterclaim or otherwise that is not germane to the distinctive purpose of the action. The facts upon which the equitable defense was founded are that on and prior to December 21, 1927, plaintiff owned a tract of land containing about eight and one-half acres. It was enclosed by fences on all sides but one, which was along the public highway. It had a dwelling house thereon, in which plaintiff resided, and other buildings including greenhouses. Shortly before said date, plaintiff applied to a bank at Beloit, Wisconsin, for a loan of $1500. The evidence offered by the counterclaimants is that an officer of the bank made a personal inspection of the premises and while on the premises he had a conversation with plaintiff. The bank officer testified that plaintiff told him he owned all the land that was inside the fences and that he wanted to borrow the money to complete the construction of a greenhouse which had just been started. Plaintiff furnished the bank with an abstract of title which described the land to

include all that was inside the fences, and was the same description by which plaintiff had acquired his title several years before. The mortgage was executed with a description which followed that covered by the abstract of title. It is conceded that a part of the money obtained on the loan was used in completing the greenhouse, and that the triangular piece claimed by plaintiff is covered in part at least by the greenhouse. The covenants of the mortgage were that the mortgagor was seized of the premises "together with all and singular the appurtenances thereunto belonging or in any wise appertaining * * * and that he will warrant and forever defend the same."

The mortgage was foreclosed, a sale had from which there was no redemption. A deed, containing the description included in the mortgage, was executed by the master and delivered to the purchaser. He conveyed by the same description to the defendants.

Plaintiff was a party to the foreclosure action and it does not appear that he made any claim in reference to the ownership of any of the ground near the greenhouse or upon which it stood. He testified in this case that when he gave the mortgage to the bank in 1927, he considered that he owned all the land inside the fences and that he did not know of the defect in title until 1929. The decree of foreclosure was entered in April 1936, and in September following plaintiff obtained a quitclaim deed from Edith T. Buchanan and husband, which he says conveys the small triangular tract which he now claims. The Buchanan deed contained a recital that it was to correct errors in three deeds previously given. It does not appear in what way one of the deeds referred to has any bearing upon any of the land owned by plaintiff at the time he gave the mortgage, or that he acquired thereafter. The other two deeds bear date July 10, 1924, and December 1, 1927, respectively, and both ran to plaintiff as grantee.

The land described in plaintiff's count 1 was a part of the southwest fractional quarter of section 33 in township 46 north, range 2 east of the third principal meridian. It was bounded as follows: Beginning in the center of River street as shown upon the plat of S. W. Leland's Addition to the village of Roscoe, at a point 906.9 feet southwesterly from the point of intersection of said center line of River street with the center line of Main street, thence north 74 degrees and 30 minutes west for a distance of 13 chains and 85 links; thence south 11 chains and 11 links; thence south 79 degrees east to the center of said river street; thence north 57 degrees and 30 minutes east along the center of said River street 927.16 feet more or less to the place of beginning.

The description contained in the second count was the same as the first except the beginning point in the center of River street was 923.14 feet from the intersection of that street with the center of Main street and that part of the description in the first count reading thence south 11 chains and 11 links was set forth in the second count as 12 chains more or less to the center of River street. The Buchanan deed to plaintiff contained the same starting point as the description in count 1 (906.9), but it varied from count 1 in reference to that part of the description which was south 11 chains and 11 links, in that, in the Buchanan deed, it was south 12 chains more or less to the center of River street. The description in the mortgage, master's deed, and defendants' deed was the same as is contained in plaintiff's count 1.

There is no conflict in the evidence by which the foregoing facts were established except plaintiff denies that the officer of the bank making the loan inspected the premises before the mortgage was executed. He also denies that he had any conversation with the bank relative to his claim that he owned all that was enclosed by the fence. The chancellor heard the evidence and found that the bank

officer inspected the premises prior to making the loan, and that plaintiff had made the statements in reference to ownership as was testified to by the bank official. There is evidence to sustain the finding and no reason is shown why such finding should be disturbed.

By the application of well-established equitable principles, plaintiff should not be permitted to maintain an action in ejectment against the defendants for the triangular area claimed. As stated, a part of the greenhouse which was completed with the money obtained by the loan rests upon this area and any part not covered by the building is shown to be necessary to defendants' use of the greenhouse and the surrounding premises.

The covenants of the mortgage referred to, as well as plaintiff's verbal representation of ownership, extend to every right plaintiff then had in the area that was enclosed by fence. It also included any right subsequently acquired by the Buchanan deed. (*Warner* v. *Grayson,* 200 U. S. 257, 50 L. ed 470; *Swedish American Nat. Bank* v. *Connecticut Mutual Life Ins. Co.* 83 Minn. 377, 86 N.W. 420; *Richmond* v. *Bennett,* 205 Pa. 470, 55 Atl. 17.) Also, compare *Liberty Nat. Bank* v. *Lux,* 378 Ill. 329. In *Hyde Park Thomson-Houston Light Co.* v. *Brown,* 172 Ill. 329, in application of the foregoing principle, it was held that an easement passes with the land to which it is appurtenant without express reference to it in the deed of conveyance. It is clear that the defense made under the counterclaim was germane to plaintiff's action of ejectment. *Hutson* v. *Wood,* 263 Ill. 376; *Hurd* v. *Case,* 32 Ill. 45.

The court struck an allegation in plaintiff's answer to the counterclaim which was to the effect that the mortgage was obtained by fraud and misrepresentation and that the mortgage was null and void for the reasons that the description of the premises intended to be covered was not sufficient to identify its location, and that the mortgage did not describe the note. Plaintiff was a party to the foreclosure

action and any of the defenses set forth in his reply to the counterclaim should have been urged in the foreclosure suit. · We have examined plaintiff's contention that the court erred in not formulating an issue for trial by jury on the equitable defense, and the other errors which he refers to in the argument, and find that they are without merit.

The decree of the circuit court was correct and is affirmed.

*Decree affirmed.*