## ALBERT CUTRIGHT *et al.*

### *v.*

## JOSEPH R. STANFORD *et al.*, EXRS.

1. CORPORATION—*liability of stockholder under act of* 1849. Under the act of 1849 relating to railway corporations, if a claim is owing by a railway company for services performed for it, a stockholder is not liable in an action therefor, until an execution shall be returned unsatisfied, in whole or in part, against the corporation, and then the amount due on such execution is the amount recoverable, with costs, against the stockholder.

2. DEFAULT *against administrator—presumption.* A default in a suit against an administrator, to enforce the liability of his intestate as a stockholder of a railway company, under the act of 1849, admits all the facts properly pleaded, and it will be presumed they were sufficient to justify the judgment rendered therein, when called in question collaterally.

3. ADMINISTRATION—*presumption as to claim allowed.* Where a claim is allowed by the county court against an estate, after the payment of other debts, and the surplus of assets to the heirs, it is *prima facie* a valid claim, and in a suit against the heirs by the administrator and his securities paying the same, it will be presumed, in the absence of proof to the contrary, that he was liable and the estate bound for its payment, although allowed after two years from the grant of administration.

4. SAME—*administrator's right to recover back money paid to heirs.* Where an administrator, after settlement of an estate and the payment of the balance in his hands to the heirs, is compelled to pay a new claim unknown to him within the two years after the grant of his letters, he or his executors may maintain a bill in equity against such heirs, to reimburse him or his estate for the sum so paid, although no refunding bond was taken.

5. HEIRS—*extent of liability for ancestor's debts.* The extent of the liability of heirs at law of a deceased person, for a debt of their ancestor, both at law and in equity, is to the full amount of what came to them by descent, and a decree against them should not be several, but joint, requiring each to pay *pro rata*.

APPEAL from the Circuit Court of Cumberland county; the Hon. JAMES C. ALLEN, Judge, presiding.

Mr. H. B. DECIUS, Mr. O. B. FICKLIN, and Mr. W. H. Mc-DONALD, for the appellants.

Mr. J. W. WILKIN, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery, exhibited in the circuit court of Cumberland county, by Joseph R. Stanford and Michael Shull, executors of the last will and testament of James E. Stanford, deceased, complainants, and against Albert Cutright and others, heirs at law of John Cutright, deceased, defendants.

It appears that James E. Stanford was the administrator on the estate of John Cutright, deceased, who died in 1860; that one Edward A. Fox presented a claim before the probate court, which was allowed, against the estate of the intestate, Cutright, on September 30, 1863; that without any knowledge on the part of the administrator, of the allowance of this claim, it not having been presented until more than two years had elapsed after the grant of the letters of administration, the administrator paid out all the moneys in his hands in payment of debts proved against the estate within the "two years," leaving a balance in his hands for distribution among the heirs at law of his intestate, the sum of eighteen hundred and sixty-nine dollars and forty-six cents, which was duly paid over to the heirs at law, being the sum of three hundred and eleven dollars and fifty-seven cents to each one of them; which actings and doings were duly presented to the probate court by the administrator on rendering his final account, and the same were approved by the court, and he finally discharged from all duties and liabilities on account of his said administration.

It appears the personal estate of Cutright was amply sufficient to pay all the claims against it, this claim of Fox included.

It further appears, that the origin of this claim, now the

subject of controversy, was a judgment obtained by Fox against the Atlantic and Mississippi Railroad Company, in the circuit court of Madison county, in this State, in 1856. Fox, becoming a non-resident, brought an action in the federal court against Stanford, administrator, in the year 1863, claiming that his intestate was a stockholder in this railroad company and liable therefor, wherein a judgment by default was rendered against the administrator, which not being paid, Fox, in 1868, commenced an action in the Coles circuit court against the administrator, on his bond as such, and a judgment recovered against him for failure, so far as this record shows, to pay this claim of Fox.

This judgment, with the costs, was paid by the administrator, and now his executors seek by this bill a decree to compel the heirs at law to reimburse the estate they represent.

Answers were duly filed and the cause heard, resulting in a decree as prayed. The defendants appeal.

It is conceded the liability of appellants, if any exists, grows out of the fact, that John Cutright, the ancestor of defendants, was, in his lifetime, a stockholder in the Atlantic and Mississippi Railroad Company to the amount of eight hundred and twenty-eight dollars and seventy-five cents, at the time Fox recovered the judgment in the Madison circuit court, to which proceedings Cutright was not a party.

The statute making a stockholder in such company liable is as follows: All the stockholders of any such company that shall hereafter be incorporated under this act, shall be severally individually liable to the creditors of such company, to an amount equal to the amount of stock held by them, respectively, for all debts and contracts made by such company, until the whole amount of the capital stock paid and limited by the company, in manner aforesaid, shall have been paid in, and a certificate thereof made and recorded, as provided in the following section; and shall be jointly and severally liable for all debts that may be due and owing to all their laborers, servants and apprentices, for services performed for such corporation, but not be liable to an action therefor before an exe-

cution shall be returned, unsatisfied in whole or in part, against the corporation; and then the amount due on said execution shall be the amount recoverable, with costs, against said stockholders. Sess. Laws 1849, § 14, page 21.

It does not appear in what way Fox became a creditor of this railroad company, and by the statute quoted a stockholder is only conditionally liable. If the claim is owing by the railroad company for services performed for such corporation, a stockholder is not liable to an action therefor until an execution shall be returned unsatisfied in whole or in part, against the corporation, and then the amount due on said execution shall be the amount recoverable, with costs, against the stockholder.

The administrator, defendant in the suit in the federal court, suffered judgment to go against him by default, when, for aught that appears, had he pleaded, it is claimed he might have shown no execution had issued against the company on Fox's judgment, and, consequently, the extent of the liability of the stockholder could not be known. The default admitted all the facts properly pleaded in the declaration, and we must presume they were sufficient to justify that court in pronouncing the judgment it rendered. All the facts necessary to establish a cause of action against the estate of Cutright, must have appeared to the court before a judgment could be rendered, and we must presume they did so appear. And of these facts the administrator may have been fully cognizant, and fully advised he could make no successful defense to the action. Hence, there was no propriety in expending the means of the estate in an unnecessary defense.

This is the claim allowed by the probate court of the county, against which nothing could be averred, and was *prima facie* a valid claim against the estate. Appellants did not show, or offer to show, the claim was unjust and unfounded, and that their ancestor was not liable. The legal presumption is, he was liable, and his estate bound to satisfy the claim.

There can be nothing in the suggestion of appellants, that the neglect of the administrator to pay this claim out of the assets, after the same was probated, was with the intent and

purpose of injuring appellants, for the balance of the money in his hands, after paying all claims of which he had knowledge, was paid over to the heirs. For this payment to them the administrator might have required their bond and security to refund their due proportions of any debt which might thereafter be established against the estate. This he did not do, but, unaware of the existence of any claim, he paid the balance to appellants.

Since then this claim has been established, which the administrator has been compelled to pay under a judgment of a competent court, and his executors now ask the aid of a court of equity to compel the heirs at law to reimburse the estate of their testator.

It is shown by the bill and proofs that a large amount of real estate not inventoried by the administrator of Cutright, has descended to appellants as his heirs at law, and which is subject to this claim of the executors of that administrator which he was compelled to pay. The extent of their liability, both at law and in equity, is to the full amount which came to them by descent. *Ryan* v. *Jones, Exr. et al.* 15 Ill. 1; *Vanmeter's Heirs* v. *Love's Heirs*, 33 ib. 260. In the case last cited it was held, where several defendants in chancery are found to be liable for the debts of their ancestor, the decree should not be against them severally, but jointly, for the whole amount. The decree was entered for the sum of two thousand two hundred and thirty-six dollars, to be paid by the defendants *pro rata*, and the costs, within ninety days, in default of which payment the master in chancery was ordered to sell the lands belonging to John Cutright's estate, or so much thereof as might be necessary to pay that sum and all costs and charges. The details of the sale are all set forth in the decree and no objection appears to them.

It was held, in the case of *Vanmeter's Heirs* v. *Love's Heirs, supra*, that, although the decree must be joint against the heirs, no one of them must be made liable beyond the amount which may have come to him by descent.

We think this decree conforms, substantially, to the judg-

ment in that case. They are required to pay a debt existing against the estate, *pro rata*, that is, according to the amount each heir may have received from his ancestor. By contributing to make up the gross sum, according to their respective interests, they can save the land from sale, and thus enjoy all their rights and interest in the same.

We find no substantial objection to the decree, and affirm the same.

*Decree affirmed.*

Mr. Justice Scholfield, having been of counsel in this case, took no part in the decision.