## Hannah Calhoun v. Patrick Tangany et al.

1. ADMINISTRATION OF ESTATES—*Beneficiaries Should Contribute to the Payment of Debts of the Estate Pro Rata.*—Beneficiaries should be required to pay the liabilities against the estate *pro rata* according to the respective shares inherited by them. A judgment against them in assumpsit is not proper, as it would necessarily be the same against all, and by force of it any one of the defendants could be required to pay the whole of it and again be compelled to sue the co-defendants for contribution, thus perpetuating the litigation.

Assumpsit.—Appeal from the Circuit Court of Coles County; the Hon. FRANK K. DUNN, Judge presiding. Heard in this court at the May term, 1902. Affirmed. Opinion filed November 1, 1902.

CHARLES C. LEE, attorney for appellant.

S. S. ANDERSON and A. J. FRYOR, attorneys for appellees.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

The declaration, in assumpsit, by appellant against appellees, states, in effect, that Ellen Theaker died intestate and left the plaintiff and the defendants her only heirs at law; after her death, her estate owed $102 for physician's services during the last sickness; $329.12 funeral expenses and $30 for attorney's services rendered in the probate of the estate, all of which plaintiff paid to protect and preserve the estate, and which, after the appointment of an administrator, she probated against the estate, the same having been duly allowed, and that there were no assets in the hands of the administrator to pay the same; that the deceased owned certain real estate which descended to her heirs, in the following proportions : One-third to the plaintiff, one-third to the defendants John Rooney and James Rooney and Elizabeth Rooney, and one-third to the defendants Ellen Tangany, Patrick Tangany, Maggie Tangany and Eugene Tangany as tenants in common, and demands judgment against the defendants for the two-thirds of the amount so paid. The court sustained a

demurrer to the declaration, and gave final judgment in bar of the action, and to reverse the judgment this appeal is prosecuted, it being assigned and argued for error, the action of the court in sustaining the demurrer.

It is argued the plaintiff could maintain the suit under the provisions of section 12 of the statute of frauds. That section, however, gives a right of action only to a creditor of the deceased person, and appellant is not a creditor of the deceased. Besides, it is clear from the averments of the declaration, that the defendants are not liable to equal parts of the amount paid; if there be a liability each of them will be required to pay only a *pro rata* share. The sum due to appellant is not a debt due from the deceased, but the greater portion of it accrued against the estate after death, and it does not appear any one was personally liable for it, the liability being against the estate alone, which had descended to the parties to this suit, not in equal proportions, but in the manner stated in the declaration—one-third to plaintiff, one-ninth each to the three Rooneys and one-twelfth each to the four Tanganys. The suit being in assumpsit, the judgment would necessarily be the same against all, and such a judgment would not be proper, as by force of it any one of the defendants could be required to pay the whole of it and again be compelled to sue the co-defendants for contribution, thus perpetuating the litigation. They all should be required to pay the liability against the estate *pro rata* according to the respective shares inherited by them. Outright v. Stanford, 81 Ill. 240. The remedy for such a contribution is in equity, so that complete justice may be done, and an end put to litigation. Indeed, as the declaration shows the proceeds of the sale of the real estate in the partition suit is still in the hands of the master in chancery, no good reason is perceived why an application could not be made to the court in that case, upon notice to the parties interested, and thus obtain, if so entitled, a modified order of distribution of the fund, to the end that complete justice may be done between the parties, and thus an end be put to the litigation. The judgment of the Circuit Court will be affirmed.