BROWN-STRAUSS CORPORATION, Plaintiff-Appellee, *v.* JAMES D. LARSON, Defendant-Appellant.

SINGER METAL COMPANY, INC., Plaintiff-Appellee, *v.* JAMES D. LARSON, Defendant-Appellant.

(Nos. 72-236, 72-238 cons.;

Second District—September 30, 1974.

Bishop & Crawford, of Chicago, for appellant.

Samuel A. Diamond, of Looze & Kinne, of McHenry, and John D. Gorby, of Macomb, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

The above two cases were consolidated for this appeal, the facts being substantially the same. On February 14, 1972, plaintiff filed its complaint against Water Control Corporation and James D. Larson for material sold in the amount of $8371.37. On February 15 plaintiff filed its second complaint against the same parties for material sold in the sum of $1151.43. Summons in the two suits were issued on the respective dates of filing. Both summons were returnable on March 8, 1972, under the provisions of Supreme Court Rule 101(b) (Ill. Rev. Stat. 1971, ch. 110A, par. 101(b).) Both summons were served upon the defendants on March 4, 1972, but the sheriff did not return the same until March 8, 1972, and the cases were continued to March 15, 1972.

The defendants did not appear and on that date both defendants were defaulted. On March 24, 1972, the attorney for the defendants filed the appearance of both the corporation and James D. Larson in both suits. Nothing further was done by the defendants until May 12, 1972, after the defendants had been served with a citation to discover assets. On May 12 the matter was continued to May 19, and at that time the defendant filed a petition to vacate the judgments under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1971, ch. 110, par. 72.) On May 19, 1972, the trial court denied the defendant's petition and this appeal followed.

The contention of the defendant, James D. Larson, in his section 72 petition, is that he individually at no time entered into a contract of purchase for the materials in question with the plaintiff; that the sole

obligation for the materials purchased is that of the defendant Water Control Corporation. No allegation of due diligence is contained in the section 72 petition, nor is any freedom from negligence or excusable mistake alleged. And as counsel for the plaintiff points out, no facts are set forth in the petition which could conceivably raise an inference of diligence or excusable mistake.

It was not until 66 days after the default judgments were entered that defendant filed his petition under section 72. Further, this was not done until after a citation to discover assets had been filed.

While the provisions under Supreme Court Rule 101(b), applicable to suits of $15,000 or less, provide for a return date in an unduly short period of time, factually the knowledge of the default judgment certainly was a matter which could have been easily ascertained by defense counsel. Not until 9 days after the judgment had been entered did defense counsel file his appearance and he did nothing further until his clients were served with a citation to discover assets.

■ ■ Although defendant has proceeded under the provisions of section 72, *supra,* he contends that the judgments entered herein are void and subject to collateral attack at any time. It is true, of course, that a void judgment may be collaterally attacked at any time because a void judgment is without any legal effect. However, the judgment entered herein is not void. In *Baker v. Brown* (1939), 372 Ill. 336, 23 N.E.2d 710, the Illinois Supreme Court stated at page 340:

> "The general rule is, a judgment rendered by a court having jurisdiction of the parties and the subject matter, * * * is not open to contradiction or impeachment in any collateral action or proceeding, except for fraud in its procurement * * *."

Justice Smith of the Illinois Appellate Court in *Johnson v. Hawkins* (1972), 4 Ill.App.3d 29, 33, 280 N.E.2d 291, in considering a case factually similar to the instant case, has stated the law as it applies herein, viz.,

> "Laches also bars the right of the plaintiff to reinstate this case. The plaintiff as well as the defendant has the duty and obligation to follow the cases in which he is a litigant. It is, of course, desirable and fundamental to our system of jurisprudence that the litigants be given an opportunity to have their cases decided upon the merits. However, as a corollary to this, it is necessary that there be a prompt and expedient determination of the matters in dispute and a finality to this determination. Relief under Section 72 of the Civil Practice Act is discretionary with the court; it is granted only upon a showing of due diligence and the remedy is not designed to relieve a party from his own neglect. [Citations.]"

908

■■ In the case before us the defendants were properly served; counsel entered the appearance of both the corporation and defendant Larson; the court had jurisdiction of the parties and the subject matter; no fraud is alleged. At best, in the facts alleged, the judgment is voidable and not void. It cannot, therefore, be collaterally attacked.

■■ Decisions in Illinois interpreting section 72 are legion in their holdings that not only must the defendant have a meritorious defense, but that due diligence or excusable mistake must be shown as well, as a basis for opening up a default judgment. *E.g., Brandes v. Illinois Protestant Children's Home, Inc.* (1962), 33 Ill.App.2d 319, 179 N.E.2d 425 (abstract opinion).

■■ Defendant has failed to make any allegation in his petition under section 72 of the Civil Practice Act, in his briefs or arguments as to due diligence or mistake on his part, which is a condition precedent to the opening of the judgment after 30 days from the entry thereof. The judgment of the trial court is affirmed.

Affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.