ADELINE LADY, Plaintiff-Appellee, *v.* MONTGOMERY WARD & CO., Defendant-Appellant.

Fourth District    No. 15743

Opinion filed January 8, 1980.

Thomas M. Barger, III, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellant.

Pratt, Larkin, Sternberg & Finegan, P.C., of Bloomington (James T. Finegan, of counsel), for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The plaintiff, purchaser of property at a foreclosure sale, brought this forcible entry and detainer action against Montgomery Ward, the tenant.

The complaint, filed July 10, 1979, asserted that the defendant was wrongfully withholding possession of the property.

The matter proceeded to a bench trial on August 29, 1979. The parties orally stipulated the facts in the dispute. The plaintiff gave the following summary, to which the defendant agreed: The defendant currently possesses the premises; the defendant in this case was named a defendant in Provident Savings and Loan Association's earlier foreclosure action; the plaintiff's claim to the property arises from her purchase of the property at the foreclosure sale; the plaintiff received a deed for the property from the county sheriff, and the deed was recorded on May 3, 1979, with the McLean County recorder; the plaintiff in this action is the same person to whom the sheriff's deed was given; on July 10, 1979, the plaintiff demanded possession of the premises from the defendant's store manager and showed the manager the sheriff's deed; Provident entered into a mortgage agreement on December 3, 1964, with the then owner of the underlying fee; no one but the defendant claimed a leasehold interest in the property before, during, or after the foreclosure proceeding; and all successors to the original owners of the premises after 1936 have properly appeared of record. The plaintiff also offered into evidence several exhibits pertaining to the earlier foreclosure action. The defendant then presented his portion of the stipulation, which consisted of certain exhibits, leases, and extensions of leases, for terms beginning in 1936 and ending in 1982. These were admitted without foundation. The plaintiff stipulated to the foundation for and accuracy of the documents, but not to their relevancy—the plaintiff preserved an objection to the relevancy of these documents. The defendant's five exhibits are the original lease executed in 1936, and various agreements made since that time extending the term of the lease. By supplemental agreement signed May 27, 1976, the lease was extended from February 15, 1977, through February 14, 1982. The extension previous to this was made in 1966.

By docket entry dated September 13, 1979, the trial court found in favor of the plaintiff. The court's judgment order, entered September 17, 1979, granted the plaintiff the right to immediate possession of the property. Unfortunately, nothing in the judgment order reveals the rationale for the court's decision.

On September 19, 1979, the defendant filed a motion for stay of enforcement and a notice of appeal. Meanwhile, the trial court had issued a writ of restitution, directing the sheriff to put the plaintiff in possession of the property.

On September 25, 1979, the trial court heard and granted the defendant's motion for a stay, but required the defendant to post a $200,000 bond. The writ of restitution was recalled.

The exhibits the plaintiff introduced at trial show the earlier actions and proceedings concerning this property. On October 26, 1978, Provident Federal Savings and Loan Association filed a statutory short-form complaint (see Ill. Rev. Stat. 1977, ch. 95, par. 23.6) to foreclose a mortgage on the property at issue. The complaint named six parties as defendants, including Montgomery Ward, the tenant. According to the complaint, the mortgage was executed on December 3, 1964; the original mortgagor had since assigned its interest, but Provident remained the mortgagee. The complaint listed nonowners with possible interests in the property and whose equitable rights to redeem were being foreclosed. The list included Montgomery Ward, the tenant. The complaint said that Montgomery Ward was in possession of the property on a lease dated October 21, 1936, which had been extended to February 14, 1977, and that Montgomery Ward still possessed the premises, even after February 14, 1977. The prayer for relief in the complaint sought foreclosure, sale, and an accounting by the defendant in possession, *i.e.*, Montgomery Ward, and "a determination of the leasing arrangement under which [Montgomery Ward] presently leases said premises." This complaint was properly served on Montgomery Ward.

An order of default in the foreclosure action was entered against several defendants, including Montgomery Ward, on January 18, 1979. A decree of foreclosure was also entered that day. Paragraph 10 of the decree found that Provident's mortgage lien was "prior and superior to all rights and interests" of the original mortgagor and all other parties, which would include Montgomery Ward, and "to any and all other claims, rights, interests or liens upon the real estate." The decree also provided:

"[U]pon the issuance of said Sheriff's Deed, the Grantee or Grantees in such deed, or his or their legal representatives or assigns, shall be let into possession of said premises, and that any of the parties to this cause who shall be in possession of said premises, or any portion thereof, or any persons who may have come into said possession under them, or any of them since the commencement of this suit, shall upon the production of said Sheriff's Deed of conveyance surrender possession of said premises to said Grantee or Grantees, his or their representatives or assigns, and, in default of so doing, that a Writ of Assistance shall issue."

The plaintiff in the instant case purchased the property at the foreclosure sale for $228,778.14. A decree confirming the sale was filed March 9, 1979. The court entered an order extinguishing all rights of redemption on June 12, 1979.

The defendant argues first that the default judgment in the foreclosure proceeding did not terminate its rights under the lease, and

second, that when a landlord's interest is sold in a foreclosure proceeding, the subsequent purchaser always takes subject to the tenant's rights in the property. The defendant believes that the foreclosure complaint did not sufficiently specify its interest in the property, and because a default judgment admits only well-pleaded allegations, the order of default could not terminate the defendant's rights and interests in the property. The defendant makes much of the statement in the default order that the complaint was taken "as confessed" against this and other defendants and believes that that phrase limits the effect of the default to precisely what the mortgagee, Provident, asserted in its complaint. The complaint said that the mortgagee had been "advised" that the original lease was dated October 21, 1936, and that it had been "extended" to February 14, 1977. Thus, the defendant believes that it has admitted by default only that the mortgagee "was advised" of the extension of a lease and has not admitted conclusions flowing from that assumption.

■■ The defendant is being purblind by not also looking at the decree of foreclosure to determine the precise effect of its default. Whatever the strength of the allegations in the foreclosure complaint, the decree granting foreclosure found that the defendant's lease had expired in 1977, and that whoever purchased the property at the foreclosure sale would be entitled to immediate possession of the premises. However incorrect that decision may have been, the defendant's remedy was to attack it directly by appealing from the decree, instead of attacking that decision collaterally in this forcible entry and detainer action. The rule of collateral estoppel is that only void judgments are subject to collateral attack. A judgment is void when either the court rendering it did not have jurisdiction over the parties or subject matter, or the judgment was obtained fraudulently. Merely voidable judgments, however, are not subject to collateral attack. Furthermore, section 42 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 42) provides that defects in pleadings are waived if not objected to in the trial court. Thus, a defaulting party cannot collaterally attack the sufficiency of the pleadings from which the default was taken. (*Brown-Strauss Corp. v. Larson* (1974), 22 Ill. App. 3d 905, 317 N.E.2d 303; *Cutright v. Stanford* (1876), 81 Ill. 240.) Traditionally, the rule of collateral estoppel has required that the parties in the second action be the same as or privy to those parties in the first action. Recent cases have relaxed this rule and require only that the party to be collaterally estopped be the same party or privy to a party in the first action, while the party urging the estoppel may be new. (*Blonder-Tongue Laboratories v. University of Illinois Foundation* (1971), 402 U.S. 313, 28 L. Ed. 2d 788, 91 S. Ct. 1434; *Farmers Oil & Supply Co. v. Illinois Central R.R. Co.* (1972), 6 Ill. App. 3d 965, 286 N.E.2d 68; *Stevenson v.*

*Baker* (1974), 18 Ill. App. 3d 542, 310 N.E.2d 58; *Drabik v. Lawn Manor Savings & Loan Association* (1978), 65 Ill. App. 3d 272, 382 N.E.2d 333.) Here, the plaintiff is privy to the mortgagee, by virtue of her sheriff's deed, because a purchaser at a foreclosure sale becomes a privy to the foreclosure proceeding. *Lewis v. Blumenthal* (1947), 395 Ill. 588, 71 N.E.2d 36.

Issues decided at foreclosure proceedings are not excepted from the rule of collateral estoppel. *Moore v. Linn* (1919), 287 Ill. 34, 122 N.E. 129; *Horner v. Jamieson* (1946), 394 Ill. 222, 68 N.E.2d 287; *Sielbeck v. Grothman* (1911), 248 Ill. 435, 94 N.E. 67.

■█ █ As a corollary to the rule that the lack of jurisdiction and the presence of fraud are the only proper objects of a collateral attack, erroneous judgments as well as correct ones are protected by the rule of collateral estoppel. However legally incorrect or logically inconsistent a decision may be, a litigant's only remedy is to appeal it. Error, however egregious, cannot be raised in a collateral proceeding. (*People ex rel. McAllister v. East* (1951), 409 Ill. 379, 100 N.E.2d 746; *La Salle National Bank v. County Board of School Trustees* (1975), 61 Ill. 2d 524, 337 N.E.2d 19.) In the instant case, the foreclosure decree either correctly or incorrectly determined the defendant's rights in the premises and granted the purchaser at the foreclosure sale the immediate right to possession of the premises. The defendant's remedy if the decree was wrong was appeal. The defendant cannot argue now that the pleadings were insufficient or that the decree is wrong. We therefore do not need to discuss the merits of the defendant's argument that the foreclosure decree could not extinguish its rights in the property under the lease.

Affirmed.

MILLS, P. J., and WEBBER, J., concur.