2023 IL App (1st) 221509-U

No. 1-22-1509

Third Division
April 26, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| PETER GAKUBA, | ) | Appeal from the Circuit Court |
|  | ) | of Cook County. |
| Plaintiff-Appellant, | ) |  |
|  | ) | No. 22 CH 1200 |
| v. | ) |  |
|  | ) | The Honorable |
| THE ILLINOIS PRISONER REVIEW BOARD, | ) | Thaddeus L. Wilson, |
|  | ) | Judge Presiding. |
| Defendant-Appellee. | ) |  |
|  | ) |  |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice McBride and Justice Burke concurred in the judgment.

**ORDER**

¶ 1    *Held:* Plaintiff's complaint for *habeas corpus* relief was properly dismissed, where his claims are barred by collateral estoppel and where his voidness challenge lacks merit.

¶ 2    In 2006, plaintiff Peter Gakuba was charged with three counts of aggravated criminal sexual abuse (720 ILCS 5/12-16(d) (West 2006)) and, after a jury trial, he was convicted and sentenced to 12 years in the Illinois Department of Corrections, followed by two years of mandatory supervised release (MSR). Plaintiff's conviction was affirmed on appeal, and a

postconviction petition was summarily dismissed at the first stage of proceedings. The instant case arises from a subsequent *pro se* complaint seeking *habeas corpus* relief, in which plaintiff claims that his conviction was void. Defendant, the Illinois Prisoner Review Board, filed a motion to dismiss the *habeas* complaint, which the circuit court granted. Plaintiff now appeals and, for the reasons set forth below, we affirm the circuit court's dismissal.

¶ 3                                    BACKGROUND

¶ 4                            *Conviction and Sentencing*

¶ 5        A detailed recitation of the facts surrounding plaintiff's conviction is contained in the decision issued on direct appeal. *People v. Gakuba*, 2017 IL App (2d) 150744-U, ¶¶ 4-43.[1] We set forth here only those facts necessary to an understanding of the issues on this appeal.

¶ 6        On November 4, 2006, M.S., a 14-year-old boy, was reported missing by his parents. After he was located the next day, M.S. was interviewed by Rockton police, and informed officers that he had spent the night in a nearby hotel in Rockford with a man named "Phil" whom he had met online. The Rockton police department contacted the Illinois State Police to assist with the investigation, and Sergeant Charles O'Brien and Detective Daniel Balsley of the Illinois State Police spoke to M.S. and prepared reports of the encounter.

¶ 7        M.S. told the officers that, during their contact online, Phil had identified himself as an 18-year-old businessman who was going to be in the Rockford area on business, and the two

---

[1] We note that plaintiff's direct appeal and postconviction appeal were both considered by the Second District, as plaintiff's trial occurred in Winnebago County. While plaintiff's complaint for *habeas corpus* was therefore required to be filed in Winnebago County, as well (see 735 ILCS 5/10-103 (West 2020)), plaintiff instead filed it in Cook County. As defendant chose not to raise a claim of improper venue below, such a claim has been waived and we may consider the merits of plaintiff's complaint here. See 735 ILCS 5/2-104(b) (West 2020) (all objections of improper venue are waived by a defendant unless a timely motion to transfer to a proper venue is made by the defendant); *Williams v. Illinois State Scholarship Comm'n*, 139 Ill. 2d 24, 40 (1990) ("statutory venue requirements are procedural only, and have no relation to the power of a court to decide the merits of a case").

arranged to meet. M.S. gave Phil directions to his neighborhood, and Phil picked M.S. up in a silver sedan; M.S. observed that Phil did not appear to be 18 years old and did not resemble a photograph posted online. Phil took M.S. to several stores, including to a Hollywood Video store, and they ultimately ended up in a hotel room at the Marriott Courtyard hotel; M.S. drew a diagram of the room's location for the officers. M.S. reported that, while they were in the hotel room, the two had oral sex and Phil anally penetrated him. The next morning, Phil took M.S. to a restaurant for breakfast and dropped him off at a local bowling alley.

¶ 8    After speaking with M.S., O'Brien went to the Marriott Courtyard hotel and spoke with a desk clerk, and determined that the room described by M.S. was room 101. Hotel records revealed that room 101 had been booked by plaintiff. O'Brien also observed a silver sedan parked in the first parking stall outside an exit door adjacent to the room. O'Brien then spoke by telephone to a manager at the Hollywood Video store, who informed him that plaintiff had rented six movies from the store and that plaintiff's account was registered to an address in Maryland. O'Brien returned to the hotel, where he, a master sergeant with the Illinois State Police, and an assistant manager of the hotel approached room 101. Plaintiff refused to answer their knock, even after O'Brien identified himself as a police officer, so they used a hotel master key to open the door. They informed plaintiff that they were conducting an investigation which required him to come to the station; when plaintiff asked if he was under arrest, O'Brien told plaintiff that he was not, but that he "had no option to decline." The only personal item taken from the room was plaintiff's New York driver's license.

¶ 9    Plaintiff was ultimately charged in Winnebago County with three counts of aggravated sexual abuse, which required the State to establish that he had committed an act of sexual penetration on M.S., who was at least 13 years of age but under 17 years of age when the act

was committed, and that plaintiff was at least 5 years older than M.S. See 720 ILCS 5/12-16(d) (West 2006). The case was the subject of extensive pretrial litigation, including several motions for substitution of judge for cause which were denied, as well as several motions to suppress evidence. As relevant to the instant appeal, the trial court found that the officers' warrantless entry into plaintiff's hotel room was improper and granted a motion to suppress evidence of the contents of the room. The trial court also granted plaintiff's motion to suppress evidence under the Video Privacy Protection Act (Video Privacy Act) (18 U.S.C. § 2710 (2006)), which prohibits video rental providers from disclosing "personally identifiable information" about their customers to law enforcement agencies without a valid court order, subpoena, or warrant. During trial, however, the trial court denied plaintiff's request to suppress O'Brien's testimony as to plaintiff's birthdate, finding that the police had obtained plaintiff's date of birth independently from the suppressed evidence—*i.e.*, during the booking process after his arrest.

¶ 10    The jury found plaintiff guilty of all three counts, and the trial court sentenced plaintiff to four years on each count, to be served consecutively. In April 2021, plaintiff was paroled under an Interstate Compact Agreement with Maryland, and is serving a two-year term of MSR in that state. Plaintiff's MSR term expires on April 27, 2023.

¶ 11    *Direct Appeal*

¶ 12    After his conviction, plaintiff filed a direct appeal in the Second District, in which he raised seven claims. See *Gakuba*, 2017 IL App (2d) 150744-U, ¶ 1 (enumerating claims raised on appeal). As relevant to the instant appeal, plaintiff contended (1) that evidence of his name and birthdate was improperly admitted and (2) the trial court erred in denying plaintiff's motions for substitution of judge.

¶ 13     With respect to the issue of his name and birthdate, the appellate court found that plaintiff's name and age were derived from sources independent of any illegal police conduct. *Id.* ¶ 49. Specifically, the appellate court noted that O'Brien testified at the suppression hearing that he learned plaintiff's name from the desk clerk at the Marriott Courtyard hotel, which occurred prior to his contacting the video store, entering the hotel room, or interviewing plaintiff at the police station. *Id.* ¶ 50. The court further found that the record demonstrated that plaintiff's date of birth was discovered by independent means, as O'Brien testified during trial that plaintiff verbally gave him the information as part of the arrest and booking process. *Id.* ¶ 51. The appellate court found unpersuasive plaintiff's contention that the trial court improperly allowed the prosecutor to speak with O'Brien privately while he was in the midst of testifying, as there was no indication that O'Brien's testimony was influenced or changed as a result of the discussion. *Id.* ¶¶ 53-56. The court further found no merit to plaintiff's claims that O'Brien was a "perjurer" or that the prosecutor had suborned perjury by eliciting his testimony as to plaintiff's name and birthdate. *Id.* ¶ 57.

¶ 14     With respect to plaintiff's claims as to his motions for substitution of judge, the appellate court found that plaintiff failed to offer any facts to support a claim that the trial judge harbored any animus towards him. *Id.* ¶ 106. The court noted that most of plaintiff's allegations concerned adverse rulings made by the judge, which did not serve as a basis for finding that plaintiff had suffered prejudice from the denial of the motions for substitution of judge. *Id.* ¶ 107. The appellate court also found that plaintiff's motion to substitute the judge who was in the process of rendering a decision on the motions for substitution of the trial judge was properly denied, as the motion was neither timely filed nor supported by affidavit. *Id.* ¶ 108.

¶ 15        Ultimately, the appellate court affirmed plaintiff's conviction and sentence in all respects. *Id.* ¶ 121. Plaintiff filed a petition for leave to appeal before the Illinois Supreme Court, which was denied. *People v. Gakuba*, No. 122289 (Ill. Sept. 27, 2017).

¶ 16                                    *Postconviction Petition*

¶ 17        In June 2017, plaintiff filed a *pro se* petition for postconviction relief, which alleged the same seven claims he raised on direct appeal. *People v. Gakuba*, 2019 IL App (2d) 170794-U, ¶ 18. The circuit court summarily dismissed the petition, finding it frivolous and patently without merit. *Id.* ¶ 19. The circuit court found that all claims which were raised or could have been raised on direct appeal were barred by the principles of *res judicata*. *Id.* Additionally, to the extent that any of the claims could be characterized as claims alleging ineffective assistance of counsel, the circuit court found that such claims were frivolous and patently without merit, as plaintiff did not allege how the purported failures fell below an objective standard of reasonableness or prejudiced plaintiff. *Id.* ¶¶ 19-21. The circuit court further found that plaintiff's claims as to counsel's lack of preparation were affirmatively rebutted by the record, which demonstrated a trial strategy of attacking the victim's credibility and memory, questioning the weight and relevance of certain physical evidence, and highlighting inconsistencies in the evidence. *Id.* ¶ 21.

¶ 18        Plaintiff appealed the dismissal of his postconviction petition, and the Second District affirmed. *Id.* ¶ 39. As is relevant to the instant appeal, the appellate court found that plaintiff's arguments as to the improper admission of his name and birthdate were identical to the claims that it had previously rejected on direct appeal. *Id.* ¶ 30. The appellate court similarly found that plaintiff's arguments as to the denial of his motions for substitution of judge for cause had

been previously considered on direct appeal. *Id.* ¶ 36. Accordingly, the court found that *res judicata* barred plaintiff's relitigation of those claims. *Id.* ¶¶ 30, 36.

¶ 19    Plaintiff filed a petition for leave to appeal before the Illinois Supreme Court, which was denied. *People v. Gakuba*, No. 124481 (Ill. Mar. 20, 2019). Plaintiff then filed a petition for writ of *certiorari* in the United States Supreme Court, which was also denied. *Gakuba v. Illinois*, 139 S. Ct. 2680 (2019).

¶ 20    *Proceedings in Other Courts*

¶ 21    While his postconviction appeal was pending—and thereafter—plaintiff commenced filing complaints for *habeas corpus* in various jurisdictions.[2] First, plaintiff filed a *habeas* complaint in the federal district court for the northern district of Illinois, which again raised the same seven claims plaintiff had previously raised on direct appeal. *Gakuba v. Brannon*, No. 17 C 50337, 2017 WL 11473882 (N.D. Ill. Nov. 20, 2017). Accordingly, the district court denied plaintiff's complaint (*Gakuba*, No. 17 C 50337, 2017 WL 11473882 (N.D. Ill. Nov. 20, 2017) (dismissing grounds V through VII), 2018 WL 10127255 (N.D. Ill. Oct. 24, 2018) (denying grounds I through IV)), and the Seventh Circuit denied plaintiff's application for a certificate of appealability, finding no substantial showing of the denial of a constitutional right (*Gakuba v. Neese*, No. 18-3398, 2019 WL 12536617 (7th Cir. June 24, 2019)). The United States Supreme Court also denied plaintiff's subsequent petition for writ of *certiorari*. *Gakuba v. Neese*, 140 S. Ct. 831 (2020). Plaintiff attempted to challenge this denial again in 2022, which was denied by the district court (*Gakuba v. Neese*, No. 17 C 50337, 2022 WL 18145185 (N.D.

---

[2] We note that a search for "Peter Gakuba" on Westlaw returns a total of 92 results, all stemming from his criminal charges, 76 of which are in Illinois state and federal courts. The remaining results are from federal courts throughout the country. We discuss here only those cases which provide context for our discussion of the *habeas* complaint at issue on appeal.

Ill. May 27, 2022), and the Seventh Circuit once again denied plaintiff's request for a certificate of appealability (*Gakuba v. Dodd*, No. 22-1982, 2022 WL 18145557 (7th Cir. Nov. 22, 2022)). The United States Supreme Court again denied plaintiff's petition for writ of *certiorari*, and directed the clerk not to accept any further petitions from plaintiff in noncriminal matters unless such petition was properly filed and docketing fee paid, "[a]s petitioner has repeatedly abused this Court's process." *Gakuba v. Dodd*, 143 S. Ct. 629 (2023).

¶ 22    Next, it appears that plaintiff filed *habeas* complaints in federal courts in New York and Maryland, which were transferred to the Seventh Circuit and to the northern district of Illinois, respectively.[3] See *In re Gakuba*, No. 21 CV 8121, 2021 WL 5336941 (S.D.N.Y. Oct. 14, 2021) (referencing a *habeas* complaint which was transferred to the Seventh Circuit); *Gakuba v. Warden*, No. 21-7450, 2022 WL 256342 (4th Cir. Jan. 26, 2022) (referencing a *habeas* complaint which was transferred to the northern district of Illinois). Plaintiff then filed another *habeas* complaint in the federal district court for the southern district of New York, which was dismissed for lack of jurisdiction due to plaintiff's failure to receive authorization from the appropriate court of appeals, as required under federal law. *Gakuba v. Doe*, No. 22 CV 1039, 2022 WL 561669 (S.D.N.Y. Feb. 22, 2022). Plaintiff similarly filed another *habeas* complaint in the federal district court in Maryland, which was dismissed as an unauthorized successive filing, and was denied a certificate of appealability from the Fourth Circuit. *Gakuba v. Maryland Attorney General's Office*, No. 23-6012, 2023 WL 2625616 (4th Cir. Mar. 24, 2023).

---

[3] Plaintiff may have also filed a *habeas* complaint in federal court in Pennsylvania, based on a footnote in one of his other federal cases. See *Gakuba v. Doe*, No. 22 CV 1039, 22 WL 561669 (Feb. 22, 2022) (citing *In re Gakuba*, No. 21 CV 04322 (E.D. Pa. Oct. 22, 2021)) (noting that plaintiff's petition in the Pennsylvania case was dismissed as he had not obtained prior approval from the Court of Appeals).

¶ 23    Plaintiff then returned to federal court in Illinois, where he filed an application for leave to file a successive *habeas* complaint with the Seventh Circuit. *Gakuba v. Jeffreys*, No. 22-3039, 2022 WL 18863593 (7th Cir. Nov. 21, 2022). The Seventh Circuit denied plaintiff's application, finding that most of the claims merely repeated the theories from prior filings, and imposed a $500 fine for his "repetitive litigation." *Id.* The United States Supreme Court again denied plaintiff's petition for writ of *certiorari*. *Gakuba v. Jeffreys*, 143 S. Ct. 848 (2023). Following the Seventh Circuit's denial, plaintiff filed a *habeas* complaint in federal district court in California, which transferred the case to the northern district of Illinois. *Gakuba v. California Attorney General*, No. 22 CV 07698, 2022 WL 17813143 (N.D. Cal. Dec. 16, 2022).

¶ 24    Earlier this year, plaintiff filed a *habeas* complaint in the federal district court in Maine, which was dismissed for failure to receive authorization from the Court of Appeals. *Gakuba v. Attorney General of Maine*, No. 23 CV 00009, 2023 WL 349328 (D. Me. Jan. 18, 2023) (magistrate judge recommended decision); 2023 WL 315697 (D. Me. Jan. 19, 2023) (district court dismissal). Plaintiff filed another *habeas* complaint in federal court in the District of Columbia, which was dismissed for similar reasons. *Gakuba v. D.C. Attorney General*, No. 23-0126, 2023 WL 1070566 (D.D.C. Jan. 25, 2023). Finally, plaintiff also filed another *habeas* complaint in federal court in California, which dismissed the complaint as (1) seven of the claims were identical to previously-raised claims that had already been rejected on their merits and (2) to the extent plaintiff raised a new ground, he had not received authorization from the Court of Appeals prior to filing his successive complaint. *Gakuba v. California Attorney General*, No. 22 CV 09243, 2023 WL 2356696 (C.D. Cal. Feb. 21, 2023).

¶ 25    Additionally, while plaintiff was engaged in litigation in federal court, he was also filing *habeas* complaints in Illinois state courts. In 2020, plaintiff filed a *habeas* complaint in the circuit court of Cook County, which was transferred to the circuit court of Winnebago County. *Gakuba v. Grissom*, No. 20 CH 06427 (Cir. Ct. Cook Co. Dec. 14, 2021). Plaintiff appealed the transfer order to this court, which dismissed the appeal for lack of jurisdiction, as plaintiff had not sought leave to appeal and the motion to transfer venue was not otherwise an appealable order. *Gakuba v. Illinois Prisoner Review Board*, Nos. 1-21-1293, 1-21-1616 (cons.) (1st Dist. Feb. 10, 2022). Plaintiff filed a petition for leave to appeal before the Illinois Supreme Court, which was denied. *Gakuba v. Illinois Prisoner Review Board*, No. 128251 (Ill. May 25, 2022). While his Cook County *habeas* complaint was pending, plaintiff filed a *habeas* complaint in the circuit court of Sangamon County, which similarly transferred the case to the circuit court of Winnebago County. *Gakuba v. Illinois Prisoner Review Board*, 2021 MR 001206 (Cir. Ct. Sangamon Co. Jan. 3, 2022). Plaintiff appealed the transfer order to the Fourth District, which dismissed the appeal for lack of jurisdiction. *Gakuba v. Illinois Prisoner Review Board*, No. 4-22-0003 (4th Dist. Feb. 14, 2022). Plaintiff also filed a petition for leave to appeal this dismissal before the Illinois Supreme Court, which was denied. *Gakuba v. Illinois Prisoner Review Board*, No. 128256 (Ill. May 25, 2022). The same day plaintiff's appeal was dismissed by the Fourth District—and the same day plaintiff filed the *habeas* complaint at issue in the instant case—he also filed another *habeas* complaint in Sangamon County, which was ultimately dismissed. *Gakuba v. Illinois Prisoner Review Board*, No. 2022 MX 000185 (Cir. Ct. Sangamon Co. Sept. 5, 2022).[4] Plaintiff then filed a motion for leave to file a *habeas*

_____

[4] The clerk of Sangamon County's electronic docket search shows that defendant filed a motion to dismiss that case on the same day it filed the motion to dismiss that is at issue in the instant appeal. On September 5, 2022, the circuit court of Sangamon County dismissed plaintiff's complaint. *Gakuba v. Illinois Prisoner Review Board*, No. 2022 MX 000185 (Cir. Ct. Sangamon Co. Sept. 5, 2022). Plaintiff

complaint directly to the Illinois Supreme Court, which was also denied (*Gakuba v. Illinois Prisoner Review Board*, No. 129009 (Ill. Nov. 3, 2022)), and the United States Supreme Court denied plaintiff's petition for writ of *certiorari* (*Gakuba v. Illinois Prisoner Review Board*, 143 S. Ct. 641 (2023)).

¶ 26                                    *Complaint for* Habeas Corpus

¶ 27        In February 2022, plaintiff filed the instant *pro se* complaint for *habeas corpus*, in which he raised three claims. First, plaintiff alleged that his conviction was based on a void indictment, as O'Brien's grand jury testimony concerning plaintiff's name and birthdate was based on information he obtained from Hollywood Video in violation of the Video Privacy Act. Second, plaintiff alleged that his conviction was based on false pretenses, as O'Brien allegedly lied about independently obtaining plaintiff's name and birthdate during the booking process. Third, plaintiff alleged that his motions for substitution of the trial judge for cause were improperly denied, meaning that he was tried before a biased judge.

¶ 28        Defendant filed a combined motion to dismiss the *habeas* complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). Defendant claimed that the complaint should be dismissed under section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)) since it was barred by the doctrine of collateral estoppel and was preempted by his ongoing litigation of the same claims elsewhere, and claimed that it should be dismissed under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)) since it was meritless as a matter of law.

---

filed a notice of appeal in the Fourth District, which remains pending. *Gakuba v. Illinois Prisoner Review Board*, No. 4-22-0809 (4th Dist.).

¶ 29    In response, plaintiff contended that the *habeas* complaint should not be dismissed, and filed a motion for summary judgment, in which he claimed that he was entitled to judgment as a matter of law, as his biographical information was obtained in violation of the Video Privacy Act, which tainted all subsequent proceedings.

¶ 30    On October 4, 2022, the circuit court granted defendant's motion to dismiss, finding that (1) the claims were barred by the doctrine of collateral estoppel, (2) plaintiff was already pursuing the same claims in another judicial forum, and (3) the complaint failed to state a claim upon which relief may be granted. On the same day, plaintiff filed a notice of appeal, and this appeal follows.

¶ 31                                    ANALYSIS

¶ 32    On appeal, plaintiff contends that the circuit court erred in granting defendant's motion to dismiss his *habeas* complaint. Defendant's motion to dismiss was based on both sections 2-615 and 2-619 of the Code. A motion to dismiss under section 2-615 of the Code challenges the legal sufficiency of the complaint by alleging defects on its face. *Young v. Bryco Arms*, 213 Ill. 2d 433, 440 (2004); *Wakulich v. Mraz*, 203 Ill. 2d 223, 228 (2003). The critical inquiry is whether the allegations in the complaint are sufficient to state a cause of action upon which relief may be granted. *Wakulich*, 203 Ill. 2d at 228. In making this determination, all well-pleaded facts in the complaint and all reasonable inferences that may be drawn from those facts are taken as true. *Young*, 213 Ill. 2d at 441. In addition, we construe the allegations in the complaint in the light most favorable to the plaintiff. *Id.* We review *de novo* an order granting a section 2-615 motion to dismiss. *Id.* at 440; *Wakulich*, 203 Ill. 2d at 228. We may affirm on any basis appearing in the record, whether or not the circuit court relied on that basis or its reasoning was correct. *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 50 (1992).

¶ 33    A motion to dismiss under section 2-619 admits the legal sufficiency of all well-pleaded facts but allows for the dismissal of claims barred by an affirmative matter defeating those claims or avoiding their legal effect. *Janda v. United States Cellular Corp.*, 2011 IL App (1st) 103552, ¶ 83 (citing *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006)). When reviewing a motion to dismiss under section 2-619, "a court must accept as true all well-pleaded facts in plaintiffs' complaint and all inferences that can reasonably be drawn in plaintiffs' favor." *Morr-Fitz, Inc. v. Blagojevich*, 231 Ill. 2d 474, 488 (2008). Additionally, a cause of action should not be dismissed under section 2-619 unless it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 277-78 (2003). As with a section 2-615 motion, for a section 2-619 dismissal, our standard of review is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006); *Morr-Fitz, Inc.*, 231 Ill. 2d at 488. Additionally, as with a section 2-615 dismissal, even if the circuit court dismissed on an improper ground, a reviewing court may affirm the dismissal if the record supports a proper ground for dismissal. See *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 261 (2004) (when reviewing a section 2-619 dismissal, we can affirm "on any basis present in the record"); *In re Marriage of Gary*, 384 Ill. App. 3d 979, 987 (2008) ("we may affirm on any basis supported by the record, regardless of whether the trial court based its decision on the proper ground").

¶ 34    In this case, plaintiff's complaint was one for *habeas corpus* relief, which is governed by article X of the Code. See 735 ILCS 5/10-101 *et seq.* (West 2020). Section 10-124 of the Code provides, in relevant part, that a prisoner who is in custody may be discharged (1) "[w]here the court has exceeded the limit of its jurisdiction, either as to the matter, place, sum or person"; (2) "[w]here, though the original imprisonment was lawful, nevertheless, by some act,

13

omission or event which has subsequently taken place, the party has become entitled to be discharged"; or (3) "[w]here the process appears to have been obtained by false pretense or bribery." 735 ILCS 5/10-124(1), (2), (6) (West 2020). Here, plaintiff contended that *habeas* relief was appropriate since (1) his conviction was based on a void indictment, as O'Brien's grand jury testimony concerning plaintiff's name and birthdate was based on information he obtained from Hollywood Video in violation of the Video Privacy Act; (2) his conviction was based on false pretenses, as O'Brien allegedly lied about independently obtaining plaintiff's name and birthdate during the booking process; and (3) his motions for substitution of the trial judge for cause were improperly denied, meaning that he was tried before a biased judge.[5] We agree with the circuit court, however, that all of these claims are barred by collateral estoppel.

¶ 35        Collateral estoppel is an equitable doctrine which promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 195 Ill. 2d 71, 77 (2001). There are three requirements for application of collateral estoppel: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question, (2) there was a final judgment on the merits in the prior adjudication, and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Gumma v. White*, 216 Ill. 2d 23, 28 (2005). Additionally, " '[f]or purposes of applying the doctrine of collateral estoppel, finality requires that the potential for appellate review must have been exhausted.' " *State Building Venture v. O'Donnell*, 239 Ill. 2d 151, 158-59 (2010) (quoting *Ballweg v. City of Springfield*, 114 Ill. 2d 107, 113 (1986)).

---

[5] We note that it is challenging to determine exactly what plaintiff is arguing, as his *habeas* complaint is not clear.

¶ 36      In this case, the issues raised by plaintiff—namely, the alleged violation of the Video Privacy Act and the subsequent testimony by O'Brien that plaintiff's name and birthdate were independently obtained during the booking process, as well as the denial of the motions for substitution of judge for cause—have been repeatedly considered and rejected by our courts. In the direct appeal from plaintiff's conviction, the Second District squarely addressed these issues, ultimately determining that the trial court properly admitted evidence of plaintiff's name and birthdate. See *Gakuba*, 2017 IL App (2d) 150744-U, ¶¶ 47-58 (discussion of identity evidence). As part of this analysis, the Second District also considered plaintiff's contentions that O'Brien perjured himself and that the prosecutor suborned that perjury. *Id.* ¶ 57. The appellate court also addressed plaintiff's contention that he was tried before a biased trial judge, finding that nothing in the record showed that the judge had any bias or animus towards plaintiff. See *id.* ¶¶ 101-07 (discussing motions to substitute trial judge). These findings were repeated in plaintiff's postconviction appeal, where plaintiff again raised the same issues, and the Second District again addressed them. Specifically, the appellate court found that plaintiff's claims as to his name and birthdate were barred by *res judicata*, as they had been raised on direct appeal. *Gakuba*, 2019 IL App (2d) 170794-U, ¶ 30. The court also found that plaintiff's claims as to the trial judge were similarly barred. *Id.* ¶ 36. Accordingly, these issues cannot serve as a basis for plaintiff's instant *habeas* complaint, as plaintiff is barred by the doctrine of collateral estoppel from relitigating them yet again.

¶ 37      We note that, to the extent that plaintiff raises a voidness challenge, collateral estoppel is generally not applicable to such a challenge. See, *e.g.*, *Lady v. Montgomery Ward & Co.*, 80 Ill. App. 3d 69, 72 (1980) (collateral estoppel results in only void judgments being subject to collateral attack); *In re Marriage of Hulstrom*, 342 Ill. App. 3d 262, 270 (2003) (void

judgments are subject to collateral attack and are not barred by *res judicata*). At least some courts have held, however, that where the decision that has preclusive effect is an appellate court decision—not a circuit court judgment—such a principle is inapplicable. See *Stolfo v. KinderCare Learning Centers, Inc.*, 2016 IL App (1st) 142396, ¶ 28.

¶ 38     Nevertheless, even if we consider plaintiff's voidness challenge despite its repetitiveness, we cannot find that his claim has any merit. Plaintiff's claim centers on his contention that his indictment was based on information which was improperly obtained in violation of the Video Privacy Act. Even if true, this would not have deprived the trial court of its jurisdiction over plaintiff's criminal case. Our supreme court has made clear that jurisdiction is conferred by the constitution, not by information or indictment. *People v. Benitez*, 169 Ill. 2d 245, 256 (1996); *People v. Hughes*, 2012 IL 112817, ¶ 27. Thus, the only consideration is whether the alleged claim falls within the general class of cases which the court has the inherent power to hear and determine—if so, the fact that an indictment is defective does not deprive the court of jurisdiction. *Hughes*, 2012 IL 112817, ¶ 28 (indictment which failed to charge the offense to which the defendant pled guilty did not deprive the trial court of jurisdiction); *Benitez*, 169 Ill. 2d at 256 (even though initial indictment failed to name the defendant and a second indictment was not valid, the trial court was not deprived of jurisdiction). Here, the indictment charged plaintiff with aggravated criminal sexual abuse, which falls within the general class of cases which the trial court had the power to hear and determine. See *Hughes*, 2012 IL 112817, ¶ 28 (finding jurisdiction present where the indictment alleged aggravated criminal sexual abuse). Accordingly, even if the indictment was allegedly defective, the trial court would not have been deprived of jurisdiction over the matter and plaintiff's complaint was therefore properly dismissed.

¶ 39　　　As a final matter, we note that plaintiff's MSR term expires April 27, 2023. This will presumably mark the end of plaintiff's *habeas* filings. To the extent that it does not, however, we caution plaintiff that section 10-103 of the Code provides that an application for *habeas corpus* relief shall be made (1) to the supreme court, (2) to the circuit court of the county in which the person is imprisoned or restrained, or (3) to the circuit court of the county from which the person was sentenced or committed. 735 ILCS 5/10-103 (West 2020). Cook County is none of the above. While we recognize that plaintiff apparently wishes his claims to be considered by a court other than the circuit court of Winnebago County, he is nonetheless required to comply with the statute, and filing repeated lawsuits in various jurisdictions is not an effective method for bypassing the statutory requirements. As a result, defendant has requested sanctions in the instant appeal pursuant to Supreme Court Rule 375(b), which provides for sanctions in appeals which are frivolous or otherwise not taken in good faith. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). We decline to impose such sanctions at this time. However, "[i]t is well settled that courts of this state may take measures to restrain litigants from maintaining vexatious litigation." *People v. Austin*, 2014 IL App (4th) 140408, ¶ 24 (citing *People v. Ryburn*, 378 Ill. App. 3d 972, 977 (2008)). If plaintiff continues to file challenges to his Winnebago County conviction in the circuit court of Cook County, he may be subject to sanctions, in that court, in this court, or both.

¶ 40　　　　　　　　　　　　　　CONCLUSION

¶ 41　　　For the reasons set forth above, plaintiff's complaint for *habeas corpus* was properly dismissed where his claims are barred by collateral estoppel and his voidness challenge lacks merit.

¶ 42　　　Affirmed.

17